## A. B. EVANS V. R. F. SCOTT ET AL.

### Decided December 3, 1904.

**1.—Public Road—Prescriptive Right—Permissive Use—Evidence.**

In an action to restrain defendant from closing up a lane or road across his land, based in part on the ground that the public had by prescription acquired a right to use the road, it was error for the court to refuse to permit defendant to testify that prior to the filing of the suit plaintiff proposed to defendant that the lane be closed by gates, and in reply to defendant's remark that this would inconvenience others, said that the land was defendant's, and that defendant had the right to do as he pleased with it, as this tended to show that the use of the land by others was permissive only, and not adverse to defendant.

**2.—Same—Presumption of Dedication.**

A charge was erroneous which was so framed as to convey the idea that the mere user of a roadway for ten years was sufficient to create a presumption of the dedication of the same to the public.

**3.—Same—Pleading and Charge—Estoppel.**

Where there was no pleading that defendant had purchased the land subject to a right, by prescription or prior dedication, in the public to use the road, it was error for the court to charge that if defendant purchased under such circumstances he took subject to such right, thus applying the principle of estoppel as against defendant.

**4.—Same—Assuming Dedication.**

Such charge was also erroneous in that it was so stated as to assume that the land on which the road was located had been appropriated or dedicated to public use, instead of leaving that fact to be determined by the jury.

**5.—Same—Defining "Adverse" and "Claim of Right."**

The court having charged that the public could by adverse use under claim of right, acquire a right to use the road, but with no definition given of the terms "adverse" and "claim of right," it was error to refuse to give a requested charge properly defining those terms.

**6.—Same—Continuous and Uninterrupted Use.**

Where the court charged that the public must have had "uninterrupted adverse enjoyment of the road" for the requisite period of time, instead of "continuous and uninterrupted adverse enjoyment," etc., there was no material error, as the meaning of the two expressions is the same.

**7.—Same—Prescriptive Right—Ten Years' User.**

In this state a prescriptive right on the part of the public in a road may be acquired by adverse user for ten years, and this without the assertion of any claim of right on the part of the Commissioners' Court of the county.

**8.—Same—Tacking on Claim Against Former Owner.**

Where defendant had owned the land only nine years, a prescriptive right to the road could not have been acquired against him without tacking on that time to some portion of the time during which his grantors owned the land, so that if the use by the public was permissive on the part of either defendant or his grantor, a right by prescription was not obtained, and therefore, a

charge to the effect that the right by prescription would not be defeated unless the use was permissive on the part of both the defendant and his grantor was error.

### 9.—Same—Burden of Proof as to Permission.

It was error for the charge to place upon defendant the burden of proving that the use of the road by the public was by his permission, since plaintiff could not make out his case without showing that such use was adverse.

### 10.—Same—Act Stopping the Running of Prescription.

Defendant's act in attempting to fence up the road, though arrested by injunction, was sufficient to interrupt the running of limitation or prescription.

### 11.—Same—Burden of Proof—Legal Disabilities.

The burden of proof was on plaintiff seeking to show a prescriptive right to the use of the land for a road, to establish that the owners of the land were free from legal disabilities and were persons against whom a prescriptive right could be acquired by adverse use.

### 12.—Practice—Estoppel—Objection to Evidence.

An objection to the admission of evidence, on the ground that it was not offered in chief and was not in rebuttal, does not estop the objector from urging on appeal that it was error for the court to exclude the evidence on the ground that it was immaterial.

Appeal from the District Court of Lamar.     Tried below before Hon. T. D. Montrose.

*Sturgeon, Hodges & Moore,* for appellant.—1. The plaintiffs in this case having set up a claim to the way in question by prescription, an admission by the plaintiff Scott that the appellant had the right to close the said road was material and relevant, not only as contradicting the plaintiff Scott's claim that he used the road as a matter of right, but as tending to show that the road was used in subordination to appellant's right to close the same. A single act of admission of such right made by the appellee Scott would destroy his claim of prescriptive right to said road. Texas W. Ry. Co. v. Wilson, 18 S. W. Rep., 326; Mhoon v. Cain, 14 S. W. Rep., 24, 77 Texas, 316.

2. The charge of the court should be confined to the issues raised by the pleadings. The question of estoppel embodied in that part of the charge complained of, not being raised by the pleadings of the parties to this suit, it was error for the court to charge upon that fact. Telegraph Co. v. Burges, 60 S. W. Rep., 1023.

3. The court in this part of his charge was submitting to the jury the issue of prescription, or rights assumed to have been acquired under our ten years statute of limitation, and the term "Adverse" as used in the charge had a specific statutory meaning, not fully covered by its ordinary signification in common parlance, and therefore the court should have instructed the jury fully what is meant by the term "adverse." Rev. Stat., art. 3349.

4. Where a roadway is used by the public as a way over which to travel, unaccompanied by any claim on the part of the county or municipal authorities to the same as a public highway, and not having been designated by them as such, nor worked or supervised as such, the ten year statute of limitation is inapplicable as establishing a right-of-way

in the public by prescription. Stewart v. Frink, 55 Am. Rep., 618, 94; N. C., 487; Gilder v. City, 3 S. W. Rep., 309; Ramthun v. Halfman, 58 Texas, 551; Worthington v. Wade, 17 S. W. Rep., 520.

5. Even if the use of the road in question under a claim of right up to the time this suit was instituted made a prima facie right in favor of the appellees and the public, yet such a prima facie right could and would have been defeated by the appellant showing that the road was used by permission or indulgence of either himself or his grantor, and hence the court placed too great a burden on the appellant in requiring him to show by a preponderance of the evidence that the road was used by the permission, etc., of both himself and those under whom he claims. Biering v. Bank, 7 S. W. Rep., 92; Heldt v. Webster, 60 Texas, 209; Hanna v. Hanna, 21 S. W. Rep., 721; Elliott's Roads and Streets, sec. 175.

6. Mere acquiescence by the owner in the use of his unenclosed land by the public as a way of travel will not ripen into a prescriptive right in the public no matter how long continued. Worthington v. Wade, 17 S. W. Rep., 520; Gilder v. City, 3 S. W. Rep., 309; Railway Co. v. Montgomery, 19 S. W. Rep., 1015; French v. Scheuber, 26 S. W. Rep., 133; Albert v. Railway Co., 21 S. W. Rep., 779.

*Hale, Allen & Dohoney,* for appellee.—An easement or right of way by prescription is shown where the way in question has remained open for more than ten years and has been used by the plaintiffs asserting such right and the traveling public, whenever they saw fit, without either objection or permission of the owner of the land, and as a matter of right during such time; and the road in question is in a lane, fenced on either side. Click v. Lamar County, 79 Texas, 124; City of Austin v. Hall, 93 Texas, 596; Hamilton County v. Garrett, 62 Texas, 609; Compton v. Waco Bridge Co., 62 Texas, 722; Pierce v. Cloud, 82 Am. Dec., 496.

TALBOT, ASSOCIATE JUSTICE.—We adopt appellant's statement of the nature of this suit, which is substantially correct, as follows:

"This is a suit instituted by the appellees, R. F. Scott and A. L. Stephenson, in the District Court of Lamar County, Texas, on the 7th day of May, 1903, asking for the issuance of a mandatory writ of injunction commanding the appellant Evans to remove certain obstructions placed by him on the road in controversy, called the 'Evans Lane,' and an order perpetually enjoining him from closing up said road.

Plaintiffs claim that the road in question is a public road; that it had been dedicated by the defendant Evans and the abutting property owners to the public as a highway, and further claim that the public had acquired a right to the use of the said road as a highway by prescription. The road in controversy is a lane running east and west on the north side of appellant's tract of land, and intersecting another road running south at the west boundary line of a farm owned by appellee Scott, and forming an outlet, but not the only one, from said farm to the main public road, leading to Paris, the market and post-office of the people in that vicinity. Plaintiffs allege that the closing

of the road in suit will greatly damage the rental value of the plaintiff Scott's farm, and will greatly inconvenience the plaintiff Stephenson, who is a tenant on said farm, in getting out to his market and postoffice at Paris.

"Appellant answered by general and special exceptions and by general denial, and specially denying that he or his grantors had ever dedicated the said road as a public highway, or that the public had ever acquired any prescriptive right to the use of the same as a highway, and alleging that the use of the same by the public had been merely permissive and under no claim of right to the road as a public highway." Insofar as the allegations set up a right to the roadway under the doctrine of necessity, they were abandoned in the trial court.

There was a jury trial December 31, 1903, and verdict and judgment for appellees, perpetuating the injunction.

The road in question is a narrow lane, about 500 yards long, about twenty feet wide at one end, thirteen feet wide at the other end, known as the "Evans Lane."

1.  Appellant's first assignment of error complains of the refusal of the court to permit him, while on the witness stand, to answer the following question: "State to the jury whether or not the plaintiff Scott, about five years ago, proposed to you that you and he should place gates across each end of the road in controversy and close same up, and that you and he each carry a key to said gates; and that when you objected to this because of the inconvenience it might cause others, the plaintiff Scott stated to you that the land was yours and you had a right to do as you pleased with it? It is claimed that had the witness been permitted to do so, he would have answered this question in the affirmative. We think there was error in excluding this testimony. One of the questions of controlling importance in the case was whether or not the public had acquired the right to use the road in controversy by prescription. In order to establish the affirmative of that issue it was necessary to show that the general public, under a claim of right, adverse to the owner of the land, had used the road as a highway continuously, without interruption, for the necessary period of prescription. If the use of the road by the public was only permissive, and not adverse, there was no basis on which the right of way by prescription could rest. Appellee Scott was one of the most interested and frequent users of the road in question, and the character of the use made by him fairly represented the nature of the claim and right of others who used it. If Scott used the road in recognition of or subordination to appellant's right of dominion over it, such use was a pertinent fact or circumstance to be considered by the jury in determining the issue of adverse user on the part of the public.

2.  Complaint is made of that portion of the court's charge defining dedication and prescription. It is insisted that there is such a blending of the two definitions and the grammatical construction thereof is such as to confuse and mislead the jury to appellant's injury; and that the jury was misled thereby into the belief that the mere use of a roadway for the term of ten years was sufficient to create a presumption of a dedication of the same to the public. There is foundation for the

criticism made, and the vice in the charge should be avoided upon another trial. If definitions of these terms are demanded, the same should be given separately, and in clear and appropriate language expressing the legal signification of each.

3. Appellant's third assignment of error complains of the following clause of the court's charge: "And you are further charged that when at the time of the purchase of real estate there is a road or right of way used by the public, such as a public highway, or road used so long that there may be a presumption of a dedication to the public, the purchaser takes the land subject to such right." The ground of complaint is, that there is nothing in the pleadings authorizing such a charge. It is elementary that the charge of the court should be confined to the issues raised by the pleadings and evidence. This charge in our opinion embodies a question or principle of estoppel not pleaded. It is true the petition alleges that the road has been used by the traveling public and by the residents as a public way for more than twenty years, but it is also alleged in this immediate connection that the appellant and all others owning land contiguous thereto, had dedicated the road to public use. It is nowhere alleged that appellant purchased the land on which the road is located, subject to any rights which had been previously acquired by the public, and that he was estopped to deny such rights. Nor do the facts alleged show the acquisition of such rights and consequent estoppel. The charge is also erroneous in that it assumes that the land on which a road is located and used by the public as a highway has been appropriated or dedicated to public use, and that a purchaser of such land, by reason of such use, takes it subject to the public's right to so use it. The charge is so constructed that it may be read and understood as follows: When at the time of the purchase of real estate, there is a road or right of way on it used by the public, such as a public highway, the purchaser takes the land subject to such right, or if used so long that there may be a presumption of a dedication to the public, the purchaser takes the land subject to such right. The court doubtless intended to tell the jury that when land upon which a road is located has been either expressly or impliedly dedicated to public use, a purchaser thereof takes it subject to the right of the public thus acquired. The dedication vel non of the road in question to public use was one of the principal controverted issues in this case, and should not have been assumed as an established fact, as we think was done, although inadvertently, in the charge complained of.

4. The second paragraph of the court's charge is as follows: "If you believe from the evidence that the public used the road as described in plaintiff's petition, as a public highway, whenever it saw fit, without the leave of the defendant, and without objection from him, or those under whom he claims, and was in the uninterrupted adverse enjoyment thereof for twenty years, as alleged in plaintiff's petition, or at least for a period of ten years, and that he is preparing to and threatens to fence up said roadway, then you will find for the plaintiffs, irrespective of the fact whether or not the Commissione Court of Lamar County had ever laid out another and different road, if you find such court ever took such action."

The objections urged to this charge are, (1) that the term "adverse enjoyment" is not defined; (2) that the jury was not told that such adverse enjoyment must have been continuous up to the time appellant attempted to reassert his dominion over the roadway; (3) that it fixes the term of ten years as the period of time which will ripen the use of a roadway by the public, unaccompanied by the assertion of any claim of right on the part of the municipal authorities of the county to control or manage said road, into a prescriptive right; (4) that it authorized a verdict for appellees upon the finding of a mere use of the road by the public for ten years, without objection on the part of appellant and the absence of any proof of permission. The appellant requested, in this connection, a charge submitting the issue of dedication, and instructing the jury, in effect, that before they would be authorized to find for appellees on the issue of prescription, they must find from the evidence that the public had used the roadway under a claim of right for a period of at least twenty years. In this requested charge the jury was told that the term "claim of right" meant "such a claim to the use of the roadway as a public highway, as was adverse to and opposed to the right of the defendant and his grantors to close said roadway, or exercise any private dominion over the same, and that they must believe that such claim of right, if any, of the public must have been asserted or shown by the public in its use of such roadway in such manner as would be reasonably calculated to put the defendant or his grantors upon notice that the public was using such roadway under such 'claim of right' and not by license or permission of the owner of the land over which such roadway was located." The charge was refused, and this action of the court is also assigned as error.

The court, neither in the charge under discussion nor in any other portion of the main charge, defined the terms "adverse" and "claim of right." In the absence of a special charge requesting such definitions, appellant would not be heard to complain of the omission; but the requested charge from which the above quotation is made, while erroneous, perhaps, in that it fixes twenty years as the shortest period within which the prescriptive right can be matured, was sufficient to call the court's attention to such omission and demand the preparation and giving of a charge covering the same. It is said that the use made of a highway upon which the right by prescription is predicated; "must not only be adverse, but must also be continuous and uninterrupted." The adverse enjoyment of the easement claimed in behalf of the public in this case must have been commenced and continued unbroken under a claim of right for the full prescriptive period, to avail as a bar to appellant's right to assume control of and close the road in controversy. Cunningham v. San Saba County, 11 Texas Civ. App., 557; Shellhouse v. State, 110 Ind., 509; Bodfish v. Bodfish, 105 Mass., 317; Jones v. Davis, 35 Wis., 376; Elliott on Roads and Streets, sec. 175. It will be noted that the court did not, in the charge assailed, require the jury to find that the public had been in the continuous and uninterrupted adverse enjoyment of the road, etc., but that it had been in the "uninterrupted enjoyment thereof," etc., leaving off the use of the word "continuous." The charge would have been more readily understood by

the jury, perhaps, had the word "continuous" been used, but its absence was not fatal to it. The word "uninterrupted" means unbroken, and is synonymous with the word "continuous," and if the adverse claim was unbroken it was continuous, and the jury must have so understood the charge.

5. We think there was no error in the charge in the respect that the jury was told that in the event they found "that the public used the road . . . as a public highway, whenever it saw fit, without the leave of the defendant and without objection from him or those under whom he claims for the period of at least ten years," . . . to find for appellees, without regard to the assertion of any claim of right on the part of the Commissioners' Court of the county.

There were two theories upon which the appellees sought to restrain appellant from interference with the public's use of the road and the closing of the same. First, an implied dedication to such use by appellant and those under whom he claimed; second, the acquisition of the right on the part of the public to use the road by prescription. These respective claims of right to the use of a highway rest upon and are governed by essentially different principles of law. It is said that an implied dedication is one arising by operation of law from the acts of the owner and is founded on the doctrine of equitable estoppel. Elliott on Roads and Streets, 2d ed., sec. 123. It is essential in such case that the owner intended to set the land apart to the use and benefit of the public. This need not be evidenced by deed; "it is enough that there has been some clear, unequivocal act or declaration of the proprietor evidencing an intention to set it apart for a public use," and that there has been an acceptance on the part of the public. The length of time the road has been used by the public is of no consequence, unless it becomes important in connection with other circumstances to show an intention on the part of the owner of the land to dedicate it to the public. Oswald v. Grenet, 22 Texas, 94; Preston v. City of Navasota, 34 Texas, 684; City of Corsicana v. Anderson, 2 Texas Law Journal, 506, 78 S. W. Rep., 261; Elliott on Roads and Streets, secs. 160, 161. Unlike an implied dedication, which as we have seen operates by way of estoppel in pais rather than by grant, a right by prescription rests upon the presumption that the owner of the land has granted the easement and that the grant has been lost. City of Austin v. Hall, 93 Texas, 591; Saunders v. Simpson, 37 S. W. Rep., 195. To sustain this claim it is not necessary to show intent on the part of the owner of the land to set apart the road to the use of the public and the element of acceptance is not involved; whereas the length of time the road has been used by the public is the foundation upon which the claim rests, and the use upon which the right is predicated must have continued uninterrupted under an adverse "claim of right" for the full prescriptive period. Now that part of the court's charge which we are considering was a submission of the issue of prescription. All the elements necessary to concur in order for the appellees to recover on that issue were contained in said charge. The jury was required to find, before authorized to return a verdict for appellees on that phase of the case, that the public used the road at will and without permission to so use it by

the owners; that such use was adverse and uninterrupted for the period of at least ten years. This was sufficient as against the objections urged, without requiring the further finding that the Commissioners' Court of the county had recognized the road as a highway. In the case of Hall v. City of Austin, 20 Texas Civ. App., 59, it is said: "If the public by a prescriptive use have acquired the right, which may ripen into control by the county, it inures to all who may have had an interest in maintaining the road."

But was the jury correctly instructed as to the period of prescription or length of time a roadway must be used in this State by the public under an adverse claim of right in order to preclude the owner of the land upon which it is located from reasserting any control or right over it so long as it remains in public use? There is no evidence in the record that the Commissioners' Court of Lamar County ever set up any claim to the road in question as a public highway or worked or supervised it as such, and it is contended that in such case ten years is not the period of prescription, but that if a prescriptive right can be acquired in a highway by the public by a mere user, twenty years is the period. If the precise question has been decided in this State we are not aware of it, and in our research have failed to find the decision. In the case of Click v. Lamar County, 79 Texas, 121, there was evidence that the Commissioners' Court had appointed a jury of view to lay out and mark the road involved in that suit, and that the road had been laid out. That was a suit by the owner against the county for damages for the appropriation of the land. The evidence also showed that the road had been worked by the county and used by the public continuously for twelve or fifteen years, and upon the facts the trial court held that the plaintiff was barred by prescription from recovering damages. Upon appeal the judgment was affirmed by our Supreme Court, with the statement, without discussion, "that the evidence abundantly sustained the findings of fact, and that the facts found sustained the court's conclusion of law." We think the case of Click v. Lamar County, supra, and the case at bar, insofar as the question under consideration is concerned, are not distinguishable on principle. The public's right of prescription to a highway is not dependent upon the recognition of that right by the municipal authorities of the county, but is acquired by adverse use for the time and in the manner prescribed by the rules of law to which we have adverted. Acts done by the municipal authorities of the county in recognition of the road in question as a public highway would doubtless be facts or circumstances evidencing the acceptance of it under appellee's theory of dedication, but the absence of such acts would not prevent the acquisition of the right on the part of the public to use the road by prescription. Public use in the manner stated and for the necessary period of prescription establishes the public right as firmly as if it had been created by an express grant. Furthermore, a suit to establish a right to use a way, claimed by prescription, is in the nature of or analogous to a suit to recover land, based upon a title acquired by adverse possession under our statutes of limitation, although the interest which may be acquired by prescription is only an easement and not an estate in fee, and where the prescriptive period, as in this State, is

not fixed by statute, we conclude the longest period of limitation in actions for land, which is ten years, will by analogy apply. Hence, we hold that ten years is the period of prescription in this State, and the court correctly so charged.

6. It is insisted that the following subdivision of the court's charge is erroneous: "But if you believe from the evidence that the said road was only used by permission, leave, license or indulgence of the defendant and those under whom he claims, it matters not for how long a time or if the use can, in view of all the evidence, be placed upon any other footing than a claim of a right to use said road as a public highway by the plaintiffs and the public, it would repel any presumption of a grant, and will be what is called a precarious use, and you will in that event find for the defendant." The errors suggested in this charge are (1) that it tells the jury in effect that they must believe the road was used by permission of both the appellant and those under whom he claims, when as a matter of law the prescriptive right of the public or of the plaintiff would have been defeated if the road had been used by the permission of either the appellant or those under whom he claims; (2) that it in effect tells the jury to find for appellant only in the event they can, in view of all the evidence, place the use of the road by appellees and the public upon some other footing than a claim of a right to use it as a public highway, without telling them how long such a claim must have been asserted by the appellees or the public, and that it must have been hostile to appellant's right to close said road.

If the permissive use of the road was an issue in the case by direct testimony, or necessarily arose from all the facts and circumstances of the case, the first ground of objection to the charge was well taken. That such an issue was recognized by appellees is manifest by a special charge given at their request upon the same subject. The undisputed testimony shows that appellant had owned the land over which the road ran for only about nine years. A prescriptive right in the public to use the road could not be created within that period of time, and such time would have to be tacked on to some portion of the time during which appellant's grantors owned the land in order to complete the prescriptive period of ten years. Nor are we prepared to say, in view of the facts of this case, that this paragraph of the charge is entirely free from the criticism made of it in the second specification of error named, and suggest that the same be so framed upon another trial as to meet and obviate the objection urged. This was the only paragraph of the court's charge wherein appellant's defense was attempted to be affirmatively presented; and at the request of appellees the jury was instructed, upon the same subject, as follows: "If you believe from the evidence that the plaintiffs and those under whom they claim and the public generally have used the road in controversy adversely and under a claim of right, at will, without any objection from the defendant and those under whom he claims, for as much as ten years continuously next before the institution of this suit, then I charge you that the burden of proof is on the defendant to show from the evidence that said road during such time was used only by permission, leave, license or indulgence of the defendant and those under whom he claims, and unless

you believe from the evidence that the defendant has established the same by a preponderance of the evidence you will find for the plaintiff." This special charge was also erroneous in that it placed upon appellant the burden of establishing by a preponderance of the evidence that the roadway was used by the permission, leave or license of both himself and those under whom he claimed in order to defeat the appellees' right of recovery. If such permission was shown on the part of either himself or those under whom he claimed, a verdict should have been rendered in his favor. The use of property by the permission of the owner is a recognition of such owner's superior right of control over it, and proof thereof in a case like this would rebut and defeat the claim of adverse use. This special charge was also erroneous in view of the special charge asked by appellant, to which reference has already been made in this opinion, in failing to define the term "adversely." Again, appellant's contention that the assertion of the right on his part to control and close the road by attempting to fence it, and not the institution of this suit, is the act that would interrupt the running of limitation or prescription, is correct; but it is believed that the facts and circumstances show that the attempt to fence the road and the institution of the suit were so nearly contemporaneous that the error in the charge in that particular would probably not authorize a reversal of the case. Such error, however, should not occur on another trial.

7. The special charge refused and made the basis of appellant's seventh assignment of error, as heretofore stated, placed the period of prescription at twenty years. The period of time necessary to mature a prescriptive right was discussed under appellant's fourth assignment of error, with the conclusion reached that ten years is the period in this State, and hence it follows that this assignment must be overruled.

8. Appellant's tenth assignment of error complains of the insufficiency of the evidence to support the verdict. A proposition advanced under this assignment is, that before appellees could recover on the theory of prescription, the burden of proof was upon them to show affirmatively that appellant and those under whom he claimed were not under legal disability during the prescriptive period to resist the use by the public of the road in question; that such fact was not established, and verdict should have been rendered for appellant. There was no evidence introduced on the subject. The case of City of Austin v. Hall, 93 Texas, 595, was a suit in which the appellee sought to recover damages against the city, alleged to have been sustained by her as the owner of a tract of land with improvements constituting her homestead and located west of the Colorado River, near the city of Austin. Her right to recover was based upon the theory that the construction by the city of a certain dam across the Colorado River destroyed a certain roadway leading from her land to the city, etc., which had become a public road by prescription. The owners of the land across which the road ran were not parties to the suit. The Court of Civil Appeals for the Third District certified to the Supreme Court of Texas in that case the following question: "In order for the plaintiffs to establish a prescriptive right to the road was it necessary to show that during the prescriptive period the servient estates, the various tracts of land against

which the prescriptive right is claimed, were owned by persons free from legal disability and against whom limitation or prescriptive right could be acquired by adverse use." This question was answered in the affirmative; the court observing, however, "We do not intend to decide what would be the rule if a prescriptive right were claimed as against the defendant in the suit or some person whose title he asserts." What the court's holding would have been upon this latter question we are not advised by any intimation in the opinion. It was expressly stated, however, that "a right by prescription rests upon the presumption that the owner of the land has granted the easement and the grant has been lost." Now all the cases hold and concur in the doctrine, that in order to acquire an easement by prescription there must be an adverse enjoyment of the roadway under a claim of right against the owner of the land during the whole time required to mature the claim. This being true, it necessarily follows, it seems to us, that no grant can be presumed from an adverse use of an easement in the land of another, when the owner of the land was, during the time of such adverse use, incapable of making a grant. Mr. Washburn, in his work on real property, 6th ed., secs. 1253, 1254, says: "The inference of a grant, if raised at all, is derived from a claim on the one side and a yielding on the other, of that which can properly be created only by grant. . . . To constitute such an adverse enjoyment as will give a party an easement in another's land, it must be had while there is someone to whom such use is adverse. It must moreover be open and such as the owner is presumed to be cognizant of. If stealthily done it would not give a right." Again, he says: "Prescriptive user raising the presumption of a grant, there must be someone against whom the presumption can run, there must be someone against whom the use is adverse, and who is capable of making a grant. Thus, the presumption will not arise against one who was at the time of the commencement of the use an infant or a feme covert; nor against an insane person; nor against a ward whose lands are held by a guardian. But a disability arising after the use had become adverse does not suspend the acquisition of the right or extend the time necessary to acquire it."

Our conclusion is that the burden of proof is upon him who asserts a right of way over another's land by prescription to establish that the owners thereof were free from legal disability and persons against whom a prescriptive right could be acquired by adverse use. And in addition to the quotation from Mr. Washburn's work on Real Property, we cite in support of this conclusion, Saunders v. Simpson, 37 S. W. Rep., 165; Reimer v. Stuber, 20 Pa. St., 458; Woodworth v. Raymond, 51 Conn., 70; Edson v. Mumsell, 10 Allen (Mass.), 557; Wash. on Real Property, 6th ed., sec. 1252. The appellant is not estopped to raise the question on this appeal because he objected to the testimony when offered. His objection was based on the proposition that the testimony was not offered in chief, and was not in rebuttal. He did not claim that it was not competent or not necessary proof. That the court ruled, in passing upon the objection, that the testimony was immaterial, would not preclude appellant from urging by proper assignment the absence of such proof as a ground of reversal.

For the errors indicated the judgment of the court below is reversed and the cause remanded.

Reversed and remanded.