NAVE v. CITY OF CLARENDON et al. (No. 1599.)

(Court of Civil Appeals of Texas. Amarillo, Dec. 17, 1919.)

1. DEDICATION ⬤⟹39—OWNER PLATTING LAND FOR RAILWAY PURPOSES ESTOPPED AS AGAINST PURCHASERS OF LOTS TO CHANGE SAME.

Where the owner of a town site sold lots with reference to the plat which designated lands adjacent to the railway tracks as reserved for railway purposes, the owner on reconveyance of a portion of said land from the railway company is estopped, as against persons who bought lots on faith of the dedication, from putting the property to any other use than that for which it was reserved.

2. EASEMENTS ⬤⟹8(1)—PRESCRIPTIVE WAY NOT ESTABLISHED BY MERE USER.

As there is no penal law against trespass and people are accustomed when it inflicts no apparent damage to pass at will over uninclosed and unoccupied lands, ordinary use of a way over such lands will not be deemed adverse so as to ripen into a prescriptive way.

3. EASEMENTS ⬤⟹10(3)—PRESCRIPTIVE WAY OVER LANDS DEDICATED FOR RAILWAY PURPOSES.

Where a landowner platted a town site which designated lands adjacent to the railway as reserved for railway purposes and sold lots according to the plat, a purchaser of a lot adjacent to the railway who constructed a cement sidewalk to give access to his hotel to patrons must be deemed to have evinced an intention to use the premises permanently for a way so that such use will ripen into a prescriptive title.

Appeal from District Court, Donley County; Henry S. Bishop, Judge.

Suit by the City of Clarendon and another against A. B. Nave. A temporary injunction was granted, and, from an order denying defendant's motion to dissolve the same, he appeals. Affirmed.

---

⬤⟹For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

C. E. Gustavus and Miller & Guleke, all of Amarillo, for appellant.

A. T. Cole, of Clarendon, for appellees.

BOYCE, J. This is an injunction suit, brought by the city of Clarendon and a citizen, Herndon, in which the plaintiffs seek to restrain the defendant, Nave, from inclosing or in any way obstructing the passage of the public over a certain tract of land 100x115 feet, in the city of Clarendon. The court, upon application of the plaintiffs, granted a temporary injunction. The defendant moved to dissolve this injunction so granted, and this appeal is from the order of the court overruling the motion to dissolve.

It appears from the record that R. E. Montgomery, being the owner of the land upon which the city of Clarendon is situated, in the year 1888 platted such land into lots, blocks, streets, and alleys, and thereafter sold lots with respect to such plat, which was duly recorded. The land so platted lies across the line of the Ft. Worth & Denver City Railway Company. and the location of its depot tracks, roundhouses, etc., were shown on such plat. On that part of the plat with which we are concerned in this suit is shown a strip of land 200 feet on each side of the tracks of the railway company and extending for about 8 blocks with the depot shown on the tracks in about the central portion of this strip. On the plat of such strip of land is written the words, "Reserved for railway purposes." Along the north and south sides of such strip of land are shown streets designated as "North Front" and "South Front" streets, respectively. That part of the town along the line of the railway is platted so that the streets run parallel and at right angles to the main line track of the railway company. The streets are not platted across the railway property and the land to the north and south, are so platted that the center line of street from the south side of the railway tracks would, if extended, be the center line of an alley on the north side, and vice versa. A deed of dedication accompanied the record of the plat of the town, but there is nothing in it which in our opinion changes the effect of the dedication of the property as shown on the plat to railway purposes. In the year 1891, said R. E. Montgomery conveyed to the railway company the said strip of land which we have described as being shown on the plat as reserved for railway purposes; it being stated in said deed that said premises were to be used for railway purposes exclusively, and it was intended thereby to convey only an easement therein. In 1913, the Ft. Worth & Denver City Railway Company reconveyed to the said Montgomery the north 100 feet of this 400-foot strip, and the said Montgomery, on June 29, 1919, conveyed to the defendant, A. B. Nave, a parcel of this land, 100 feet wide by 115 feet long, lying to the

south of North Front street, and in front of block 4 of said town of Clarendon, as shown by said plat.

The plaintiff Herndon owns a part of said block 4, fronting on North Front street, having acquired it through conveyances emanating from the said R. E. Montgomery. There is situated on said property a building which has for more than 20 years been used as hotel property and is known as the "Denver Hotel." An extension of Kearney street, the principal street of the town, from the south, would cross the railway tracks just east of the depot, and a still further extension of the street would cross the eastern part of the said tract of land conveyed by Montgomery to the defendant, Nave. The railway company, upon the establishment of the town, constructed a crossing at the place where the extension of Kearney street would cross the tracks, and this crossing has been in continuous use ever since such time. The public, in going to and returning from the town from the northeast, using this crossing, has been accustomed, since it was established, to travel across the unoccupied portions of the strip of land described as being reserved for railway purposes, on the north side of said track, and well-defined roads have been established across the said strip of land conveyed to the defendant, Nave, and have been used by the public in approaching said crossing since it was first established. It is alleged that the city has caused the said roads to be worked as a public street, causing cinders to be placed thereon, to elevate the same and free it from mud and bog, though the evidence on the motion to dissolve in support of this allegation is rather meager. It is alleged and shown that persons going to and from the Denver Hotel, in the direction of the depot and the railway crossing just east of it, have, ever since said Denver Hotel was built, been accustomed to follow a footpath across said parcel of land deeded to Nave; that said path was later made more permanent by placing cinders thereon; and that, more than 10 years before the filing of the suit, the owner of the Denver Hotel at that time built a cement walk from the hotel to the depot, which extended across said land, and such walk has been continuously used without molestation from such time until the attempt of the said Nave to fence said land. The said defendant, Nave, just before filing suit, began preparations to fence said land conveyed to him so as to exclude all persons therefrom and was also making preparations to erect thereon a building to be used as a hotel.

Appellees claim that the facts are sufficient to authorize the issuance of a temporary injunction on any of the following grounds: (1) That the said R. E. Montgomery, and those claiming under him, is estopped, by reason of the platting of the land, in the manner indicated, from using the land there shown to be

reserved for railroad purposes for any other use, to the detriment of those purchasing adjoining property on the faith of such declaration in the map; (2) that the public has acquired an easement by prescription to use said land as a public highway; (3) that the right to use the cement walk across the premises as a way of access to the said Denver Hotel has been acquired by prescription; (4) that the public has a way of necessity across said land.

[1] It was held in the case of Temple v. Sanborn, 41 Tex. Civ. App. 65, 91 S. W. 1095, that where the owner of land platted property, as in this instance, and designated certain lands adjacent to the railway tracks shown on the plat as, "Reserved for railway purposes," and then sold adjacent lots to those who bought on faith of such reservation, he is estopped as against such persons from putting the property to any other use than that for which it was thus shown to be reserved. This case was supported by a decision of the Supreme Court in the case of Harrison v. Boring, 44 Tex. 255. It is apparent that the pleader in this case did not, at the time of the drawing of the petition, have a clear and distinct conception of the rights now asserted under the first claim as above stated, and as supported by the authorities referred to. We believe, however, that the pleading is, in the absence of exceptions, sufficient to sustain the right of the defendant Herndon to the injunction, on the principles announced in the said decisions, and this right is even more fully shown by the evidence introduced on the motion to dissolve.

[2, 3] We are inclined to doubt whether the facts are sufficient to warrant a finding that the public had acquired a prescriptive right to use the land as a highway by reason of the use of the roads which had been traveled across it. The allegations as to the use of the roads, and that the city worked them and graded them by placing cinders thereon, would perhaps be sufficient to raise an issue of fact on the question of prescription; but the evidence hardly sustains the allegation as to the working of the road, and rather indicates that the use of the land is to be regarded as merely permissive. We have no penal law in this state against trespass, and the people are accustomed, when the act inflicts no apparent damage, to pass at will over uninclosed, uncultivated, and unoccupied lands, so that ordinarily the passage over such land under such circumstances ought not to be attributed to the assertion of an adverse right to so use the land, and will not establish an easement by prescription, since it is necessary to the establishment of such right that the use be adverse and not permissive. Cunningham v. San Saba County, 1 Tex. Civ. App. 480, 20 S. W. 941; I. & G. N. Ry. Co. v. Cuneo, 47 Tex. Civ. App. 622, 108 S. W. 714; Bryson v. Abney, 171 S. W. 508; Ft. Worth & Denver City Railway Co. v. Ayers, 149 S. W. 1068. In cases of prescription there is usually no express assertion of an adverse right, and the character of the use itself usually determines whether it is to be regarded as merely permissive or adverse, and there are cases where the use of roads across uninclosed lands has been of such a nature as to indicate an intention on the part of the public to establish a permanent road thereby, so that a right thereto would be acquired by such use of the road for the period of prescription. Hall v. Austin, 20 Tex. Civ. App. 59, 48 S. W. 53; G. H. & S. A. Ry. Co. v. Baudat, 21 Tex. Civ. App. 236, 51 S. W. 543. We think the pleading and the evidence is sufficient to support a finding of an easement in favor of the owner of the Denver Hotel property in the maintenance of a way as defined by the cement walk across the land claimed by the defendant, Nave. The entry upon the land and building thereon of a cement walk is a very different act from that of one merely walking or driving across the premises, and manifests a different attitude toward the use of the land. It indicates a preparation for and intention to use such portion of the premises permanently for a passageway and is an open taking of the land for such purposes, excluding the use of the land occupied by the walk for any other purpose.

The facts do not support the claim to a way of necessity across the premises. Hall v. City of Austin, 20 Tex. Civ. App. 59, 48 S. W. 53; Alley v. Carleton, 29 Tex. 79, 94 Am. Dec. 260; Williams v. Kuykendall, 151 S. W. 629; Schulenbarger v. Johnstone, 64 Wash. 202, 116 Pac. 843, 35 L. R. A. (N. S.) 941; R. C. L. vol. 21, p. 1214, § 10.

We think the district judge was justified in refusing to dissolve the injunction, and the judgment entered on the motion will be affirmed.