### MONEY v. AIKEN et al. (No. 14.)

(Court of Civil Appeals of Texas. Waco. Nov. 8, 1923. Rehearing Denied Dec. 6, 1923.)

**1. Dedication ⬳20(2)—Finding that road established by dedication, sustained.**

That defendant knew when she acquired property that a road was established thereon and being used, and she permitted the road to remain fenced and the public generally to use the same as a public road for more than 15 years after she purchased the property, justifies a finding that the road was established by dedication.

**2. Dedication ⬳20(2)—Rules of presumptive evidence apply to dedication.**

The same rules of presumptive evidence apply to dedication as to other cases where title to real property is in controversy, and the person against whom dedication is asserted should be held to intend the reasonable and necessary consequences of his act.

**3. Easements ⬳36(1)—Prescription rests upon grant of easement which has been lost.**

A right by prescription rests upon the presumption that the owner of the land has granted the easement and the grant has been lost.

**4. Highways ⬳17—Right of public to road by prescription question of fact.**

As a road becomes a public highway by prescription when the owner permits the public openly to use the same as a public highway for a period of 10 years, the right of the public to a road by right of prescription is therefore a question of fact.

**5. Highways ⬳13—Plaintiffs held entitled to have road maintained by right of prescription.**

Where a road had been fenced as a lane and used by the public generally for more than 30 years, and worked by the neighbors as a public road, plaintiffs were entitled to have the same maintained by right of prescription or limitation.

Appeal from District Court, McLennan County; Harvey M. Richey, Judge.

---

⬳For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Writ of error dismissed for want of jurisdiction January 23, 1924.

Action by C. E. Aiken and others against Mrs. Sarah Money and another. Judgment for plaintiffs and named defendant appeals. Judgment affirmed.

Stanford & Stanford, of Waco, for appellant.

Sanford & Harris and Bryan & Maxwell, all of Waco, for appellees.

BARCUS, J. Appellees brought suit against the appellant and the Gulf, Colorado & Santa Fé Railway Company, alleging that appellant had closed a public road across her land, and that the Gulf, Colorado & Santa Fé Railway Company was threatening to close the road across its right of way. Appellees prayed for a mandatory writ of injunction against appellant, requiring her to open said road, which they alleged to be about 20 feet wide and about 500 yards long, and prayed for an injunction restraining appellant and the railroad company from- closing said road. Appellees alleged that said road had been open and used by the public generally for more than 30 years, and that they had a right to have said road kept open by reason of the dedication thereof as a public road and by right of prescription or limitation.

The trial court granted a temporary writ of injunction as prayed for, and on final hearing the appellant and the railway company each filed separate answers, consisting of a general demurrer and general denial. The cause was tried before the court and resulted in a judgment granting appellees an injunction perpetually restraining and enjoining appellant and the Gulf, Colorado & Santa Fé Railway Company from obstructing or in any way interfering with the use of said road. Appellant, Mrs. Money, alone has appealed.

The appellees claim that they are entitled to have said road kept open because same had been dedicated as a public road and because of limitation or prescription right.

The trial court entered a general judgment granting the injunction. No findings of fact and conclusions of law by the trial court were requested or filed. There is a statement of facts filed, with the record. The testimony shows the following facts:

[1] About 35 or 40 years ago, G. W. McNeil and his brother, J. L. McNeil, purchased adjoining farms near Moody, Tex. The farm of G. W. McNeil abutted the public road, and he and his neighbor built their fences, leaving a lane or road about 30 feet wide between their land, running from the public road about 500 yards to the property of J. L. McNeil. Said lane ran in front of the home of G. W. McNeil and crossed the track of the Gulf, Colorado & Santa Fé Railway Company about 25 yards 'beyond his house, his land adjoining the right of way of said railway company on one side, and his broth-

er J. L. McNeil's property joined the right of way on the opposite side. The railway company built a road crossing at said point and established cattle guards and extended said lane and road across its right of way to J. L. McNeil's land.

In 1904 G. W. McNeil sold his property to the appellant as her separate estate. In 1906 appellant's husband died, and she has remained a widow and resided continuously on said land. G. W. McNeil, the original owner of the property, built his fence leaving the road on his boundary line, and it was used as a public road for 15 to 20 years during his life. Appellant, when she purchased the land, knew the road was there and being used, and she permitted the road to remain fenced and the public generally to use same as a public road for more than 15 years after she purchased the property.

[2] The same rules of presumptive evidence apply to cases of dedication as to other cases where the title to real property is in controversy, and the person against whom the dedication is asserted should be held to intend the reasonable and necessary consequences of his act. The trial court was justified in holding said road was established by dedication. Elliott on Roads & Streets (3d Ed.) par. 175 et seq.; Hall v. City of Austin, 20 Tex. Civ. App. 59, 48 S. W. 53; Worthington v. Wade, 82 Tex. 26, 17 S. W. 520; Cockrell v. City of Dallas (Tex. Civ. App.) 111 S. W. 977; Lamar County v. Clements, 49 Tex. 347; Oswald v. Grenet, 22 Tex. 94; Gilder v. City of Brenham, 67 Tex. 345, 3 S. W. 309; San Antonio v. Sullivan, 23 Tex. Civ. App. 619, 57 S. W. 42; Heilbrom et al. v. St. Louis Southwestern Ry. Co. of Texas, 52 Tex. Civ. App. 575, 113 S. W. 610, 979.

[3-5] A right by prescription rests upon the presumption that the owner of the land has granted the easement and the grant has been lost. City of Austin v. Hall, 93 Tex. 591, 57 S. W. 563. A road becomes a public highway by prescription when the owner of the land, or those under whom he claims, permits the public openly to use said road as a public highway continuously and uninterruptedly for a period of 10 years. Evans v. Scott, 37 Tex. Civ. App. 373, 83 S. W. 874. The right, therefore, of the public to a road by right of prescription or limitation is one of fact. In this case there was testimony that the road in question had been fenced as a lane and used by the public generally for more than 30 years and had been worked by the neighbors as a public road. The court was justified in holding that appellees were entitled to have said road maintained by right of prescription or limitation. Sassman v. Collins, 53 Tex. Civ. App. 71, 115 S. W. 337; Texas W. Ry. Co. v. Wilson, 83 Tex. 153, 18 S. W. 325; Gulf, C. & S. F. Ry. Co. v. Bluitt (Tex. Civ. App.) 204 S. W. 441;

Gulf, Colorado & Santa Fé Ry. Co. v. Bryant (Tex. Civ. App.) 204 S. W. 443; Evans v. Scott, 37 Tex. Civ. App. 373, 83 S. W. 874; Elliott on Roads & Streets (3d Ed.) par. 188 et seq.

All assignments of error presented by appellant have been carefully considered, and we do not think they show any reversible error, and we affirm the judgment of the court below.