**VIDAURRI v. MARTINEZ et al. (No. 7115.)***

(Court of Civil Appeals of Texas. San Antonio. March 12, 1924. Rehearing Denied April. 9, 1924.)

**1. Highways ⬥17—Evidence insufficient to establish prescriptive right in highway.**

Evidence as to the use of a road through an uninhabited portion of the country, which at various times had been obstructed by fences, *held* insufficient to establish that the general public had acquired any prescriptive right therein.

**2. Highways ⬥1—Essentials of highway by "prescription" stated.**

To establish a highway by "prescription" it must be proved that the general public under an adverse and uninterrupted claim of right, not on permission or sufferance of the owner, has used a certain well-defined line of travel without interruption or substantial change for ten years.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Prescription (In Law).]

**3. Highways ⬥4—Highway by prescription may not be acquired over unimproved or unoccupied prairie land.**

A public road cannot be established by prescription while the land over which it runs is unimproved and unoccupied prairie land, over which people may travel at will in any direction.

**4. Easements ⬥18(1)—Inconvenience does not create necessity giving rise to implied grant.**

Inconvenience in reaching one's land does not create a necessity giving rise to an implied grant of a road of necessity.

**5. Easements ⬥18(4)—Implied grant of road of necessity held not to arise between parties in absence of privity of title.**

Where one seeking to enforce the opening of a highway over the land of another was not a grantee of defendant, *held*, there could be no right of ·way by implied grant of a road of necessity; there being no privity of title between the parties.

### On Motion for Rehearing.

**6. Highways ⬥8—Highway by prescription· must rest on presumption of establishment by proper authority.**

A road by prescription must rest on the presumption that it was established by proper authority, and cannot exist where such authority has been but recently created.

**7. Highways ⬥6(2)—Obstruction to defeat prescriptive rights need not be· along whole way.**

An obstruction of a highway to destroy prescriptive rights acquired in it need not be along the entire way, but is sufficient if it interrupts the line of travel and turns away from the used road the travel permanently and in an important way.

Appeal from District Court, Webb County; J. F. Mullally, Judge.

Suit by Mercurio Martinez and another against Juan Vidaurri. Decree for plaintiff, and defendant appeals. Reversed and rendered.

Cline & MacManus, of San Antonio, and Drew Pruitt, of Laredo, for appellant.

Hicks, Hicks, Dickson & Bobbitt, of Laredo, for appellees.

FLY, C. J. This suit was instituted by Mercurio Martinez and Benjamin Martinez, appellees, against appellant, to obtain a mandatory injunction against him, commanding him to open a road extending from a point on the main Laredo and San Ignacio road just north of appellees' place known as the "Recuerdo farm," about 100 varas from said farm north across the lands in possession of appellant, between two little mountains known as Cerrito de Mendez; thence in a northwestern direction to where it joins the regular Laredo-Dolores Ranch road. Appellant answered, denying that the road had been in use by the public, but that in May, 1910, appellant, at the request of Mercurio Martinez, permitted him to have a gate on the road in question if he placed a lock on it to prevent its use·by the public, that he had failed to place said lock on the gate, and in June, 1921, appellant closed the gate until a lock was put on it by Mercurio Martinez, when it was again left open for the private use of said Martinez. The cause was tried without a jury, and a permanent mandatory injunction was granted by the court.

The facts show that in 1904 Mercurio Martinez acquired title to 16.6 acres of land, and Benjamin Martinez acquired title in 1904 to 19.3 acres, the two tracts adjoining each other, the first named being share 4–A and the latter being 3–A. In 1904 Mercurio also acquired title to the Recuerdo farm, lying west of the main road between Zapata and Laredo, being about 400 varas southeast of the Mendez Hills, through or between which the road is located. Appellant's land completely surrounds the lands of appellees. The road in dispute has been in use many years by the public, and if it is closed will necessitate a journey of three miles instead of a few hundred yards to go from the Recuerdo farm to the other tracts of appellees. The road in question passes between the Mendez Hills. There is a water tank on "share No. 4–A," and it is necessary for Mercurio and his family to travel the road from the Recuerdo farm, where he has growing crops and where his servants live, in order to obtain water for household purposes and for the live stock. Mercurio, his family, and servants have used the road since 1904. In 1910 appellant built a fence across the road between the main road and the Mendez Hills,

but placed a gate in the fence on the road, and it was used by the public at all times until 1921, when appellant removed the gate and erected wires across the road. This suit was filed June 21, 1921. The gate was located between the two hills known as the Mendez Hills or Cerrito de Mendez. The gate was placed in the fence in 1910 upon the request of Mercurio Martinez.

[1] In February, 1921, appellant applied to the commissioners' court of Zapata county to close the road between the Mendez Hills, but the court refused permission to close the road. No record was made of this action. The road is convenient in order to reach the main road from "share No. 4–A", and to the "Recuerdo farm." Benjamin Martinez has used the road from "share No. 3–A", to the main road·since 1899. The use of the road causes no financial loss or damage to appellant, but if closed would cause inconvenience to appellees.

There is no evidence whatever that the county of Zapata ever worked the road in dispute, or exercised any right or authority over it. It was a road that was used for a large part of the time through an uninhabited portion of the country, and as land was bought along the road its existence was ignored by fencing it. In fact the road was fenced and diverted at many places along its course, no part of it being left unfenced, except that part extending between the Mendez Hills, a distance of a few feet. All of the road from the Recuerdo farm to the tank on "share No. 4–A" has been under fence since 1910. The gate at the Mendez Hills was erected by appellant at the request of Mercurio, upon his promise to place a lock on the gate to exclude the public. This would indicate that the parties did not regard the road as a public one at that time. We do not think the facts support the conclusion of the trial judge that the general public had acquired any rights in the road.

[2] Appellees could have no right to the road over ·the lands of appellant, except by one of two methods, that of prescription or by an implied grant as a road of necessity. It is the rule that in order to establish a highway by prescription it must be proved that the general public, under a claim of right, and not by mere permission or sufferance of the owner, has used a defined or fixed way without interruption or ·substantial change for a period of time, fixed at 10 years in Texas. The claim must be adverse and uninterrupted ·under a claim of right, and a certain and well-defined line of travel must be shown. If the adverse and hostile use by the public is once broken or interrupted, prescription will be defeated. As hereinbefore stated, the use of the road in question began and was continued in an open uninclosed country, where the population was very sparse and the inhabitants scattered, and so continued up to within the last

few years. The facts indicate that the use of the road was merely permissive, and its use was from time to time interrupted and prevented by fences, which inclosed every portion of the road except a limited number of feet near the passageway between the Mendez Hills. Appellees fenced up portions of the road in different parts of it, and when the balance of the old road was fenced in January, 1910, no one objected to such fence, and for 5 months it remained fenced, and until Mercurio Martinez asked, not as a right, but as a favor to him, that a gate be placed in the fence at or near the Mendez Hills. No one set up a claim to the road at that time by prescription or otherwise. The old road was not recognized by the county, but was abandoned by establishing and maintaining another and different road. No road can ever be held to have been used adversely by the public when it has been fenced in segments at different times and until, when the last fencing takes place, there are only a few feet of the original road left. If right to the road by user was acquired it must have been prior to January, 1910, when it was fenced by appellant, and its use interrupted for 5 or 6 months. Since that time it has undoubtedly been used only by the permission of its owner. No effort has been made to restore the road as originally used because it has long since been appropriated in all of its parts by appellees and others, but the sole object is to open a road from the Recuerdo farm, which has a part of the old road inclosed, to shares 3–A and 4–A, which have other parts of it inclosed. The whole matter has resolved itself into an attempt to open up a road a few hundred feet long for the benefit of appellees. The evidence showed a constant obstruction of the road by fences until the whole of it was fenced; and the use of the part in question was interrupted completely for at least 5 months in 1910, and the gate was then placed in the fence as a concession to Mercurio Martinez' request for it. The road, as definitely laid out, was not used without interruption for 10 years. Evans v. Scott, 37 Tex. Civ. App. 373, 83 S. W. 874; Sassman v. Collins, 53 Tex. Civ. App. 71, 115 S. W. 337.

Appellees alleged:

"That for more than 50 years prior to the filing of the petition herein there has been in constant use by the public, and particularly by plaintiffs herein, a certain road extending from a point on the main Laredo and San Ignacio road just north of plaintiffs' said Recuerdo farm, and about 100 varas from said farm north across the lands now in possession of defendant between two little mountains known as Cerrito de Mendez; thence in a northwestern direction to where it joins the regular Laredo-Dolores ranch road; * * * that said road is the only available route which plaintiff Mercurio Martinez has to pass from his said Recuerdo farm, where he lives with his family and servants, and he has growing crops, north to his other land above described about one-half mile where his tank is located, and where he secures water for household purposes, and at which all his live stock are watered each day."

[3] The testimony showed that the point on the main road where the road in controversy turned off has been inside the Recuerdo farm for years, and that when appellant built his fence in 1910 he inclosed the only portion of the original road that remained unfenced, which was near the Mendez Hills. The road could not have been in use for 50 years, for it does not run over the ground originally occupied, but all of that has for years been placed under fence by appellee and others. There is a road open from the Recuerdo farm by way of the village of Dolores to the tank of appellees. The road in controversy was never recognized by the county, and was in an open country, and it has been held in this state, as well as others, that a public road cannot be established by prescription while the land over which the road runs is unimproved and unoccupied prairie land, over which people may travel at will in any direction. Cunningham v. San Saba County, 1 Tex. Civ. App. 480, 20 S. W. 941; Nave v. Clarendon (Tex. Civ. App.) 216 S. W. 1110.

[4] That part of the road which was fenced by appellant in 1910 had been used for a number of years by appellees and others, and it formed a convenient passage way for Mercurio from his farm to his water tank, where he obtained water for his servants and live stock, but no absolute necessity for the road was shown by appellees. It is true that it is much shorter and more convenient for appellees than the longer road, by which they can reach their farms from the main road or the Recuerdo farm. Inconvenience, however, does not create a necessity, and appellant is under no obligation to continue his permission to appellees to travel over his land in order for them to more conveniently reach their land. The lands were not conveyed to appellees by appellant, and no way of necessity could arise, and where there is a way in which to obtain ingress to or egress from land, no matter if it be inconvenient and more burdensome than one over the land of another, no way of necessity can arise. As said by the Supreme Court in Alley v. Carleton, 29 Tex. 74, 94 Am. Dec. 260:

"A way of necessity, however, must be more than one of convenience, for if the owner of the land can use another way, he cannot claim by implication to pass over that of another to get to his own."

[5] A way of necessity must be more than a way of convenience. It must be an absolute necessity without which a party is deprived of the use of his land. Hall v. Austin, 20 Tex. Civ. App. 59, 48 S. W. 55; Leathers v. Craig (Tex. Civ. App.) 228 S. W.

995. There can be no grant of a right of way over the land of appellant by necessity by implication in this case, because appellant was not the grantor of appellees, and there is no privity of title between them. Neblett v. Sterling Inv. Co. (Tex. Civ. App.) 233 S. W. 604.

We conclude that the testimony fails to show that continuous, adverse, and hostile claim and use by the public of a definite road in a certain place sufficiently long to create a prescriptive right, but on the other hand the evidence showed that the road was changed or closed whenever appellees or others desired; that no one objected to it; that the county had never assumed any control over the road, but that it had been used over an uncharted open country; and that no one set up any rights in the road until this suit was instituted. We further conclude that no road of necessity was created for appellees, because their land was not conveyed to them by appellant, and because there is another road by which they can reach their property.

The judgment is reversed, and it is the judgment of this court that the application for a mandatory injunction be denied, and that appellees pay all costs in this and the lower court.

Reversed and rendered.

## On Motion for Rehearing.

In the light of the motion, the impression might arise that a considerable portion of a public road had been closed by the closing of the gate to his property by appellant, but the fact remains that the evidence showed that only a few feet of the road had ever been used for passage by the public; those few feet near or between the Cerrito de Mendez or Mendez Hills. The road in dispute has never been recognized by any legally constituted authority as a road of any class. No right was shown to the road by prescription. Following the custom of Texans in the early days, and even to this good hour, people traveled along the path of least resistance, with no idea or desire to acquire any permanent rights in the land, but merely to get to a place with the least output of energy. The same spirit is evinced even in cities, where the inhabitants will leave well-laid sidewalks, to shorten the distance a few feet, and make paths across the property of others. The right of property in vacant, unfenced land found slight lodgment in the average Texas mind. This is apparent from newspaper accounts at this time of invasions of the unfenced yards of citizens for the purpose of gathering flowers and breaking off the limbs of fruit or flower bearing trees. Such trespassers can gain no permanent rights against the lawful owner.

[6, 7] User of a way for many years by the public may create an easement in the public, especially in a well-settled country, where user would evidence an intention to appropriate, more than in a wild and sparsely settled country, where man and beast may wander untrammelled by fence or obstruction over the lands of others. Prescription as to a road must rest on the presumption that the road was established by proper authority, which presumption could have no basis when the only authority to establish roads and streets has been but recently created. The use must be adverse and uninterrupted, not only of a few feet of the highway, but of the highway as a whole. It would be a baseless claim to say that a road between two given points could be held by prescription, when probably nine-tenths of the same has been obstructed, and the part unobstructed leads only in the direction of some citizen's house. Each obstruction placed across the road before the prescriptive was ended, if it ever began, annihilated the prescription and destroyed the claim to the road. And this interruption of the use of the road need not have been an obstruction all along the way, as contended by appellant, but any obstruction that interrupts the line of travel and turns away from the used road the travel permanently and in an important way. Cunningham v. San Saba County, 11 Tex. Civ. App. 557, 32 S. W. 928, 33 S. W. 892. The old main road from Laredo to San Ignacio and Zapata years ago went between the Mendez Hills, but it was abandoned, and the public road is laid out in another place. It might be inferred from the motion that the road to the village of Dolores is closed altogether, but that is not true, but there is a direct and nearer road from the main road at a point near the Recuerdo farm than the one in dispute. The only reason of the dispute is that it is a little nearer between the Mendez Hills to two or three farms than to go around by the traveled road to Dolores.

This court cannot follow the motion in its numerous repetitions and reiterations, many of which are not supported by the record, and none of which we believe to be meritorious.

This court has not held, and does not hold, that an unfenced road through unfenced territory cannot become a public highway by prescription regardless of any other facts. No court has ever held that, and not one word has been written in the opinion of this court that is in conflict with the cases cited by appellees.

The motion is overruled.