## DAVIS et al. v. MECKEL.

### No. 8992.

Court of Civil Appeals of Texas. San Antonio.

Feb. 22, 1933.

Kerr & Gayer, of San Angelo, and Brian Montague, of Del Rio, for appellants.

Morriss & Morriss, of San Antonio, James Cornell, of San Angelo, L. W. Elliott, of Sonora, R. G. Hughes, of San Angelo, and George Wynn, of Sonora, for appellee.

MURRAY, Justice.

This is a suit for an injunction to prevent the closing of a road claimed as a public road by prescription. This is the second appeal of this case, the first appeal being styled Meckel v. Davis, and reported in (Tex. Civ. App.) 39 S.W.(2d) 1106, 1107, also (Tex. Sup.) 42 S.W. (2d) 417. At the close of the evidence by appellants the trial court instructed a verdict for appellee, thereby holding that the testimony was insufficient to show the establishment of a public road by prescription.

On the former appeal of this case this court reversed and remanded the judgment of the trial court, holding that the evidence was in-sufficient to show an establishment of a public road by prescription. In the former opinion is found the following language: "The road in controversy was nothing more than a section of a neighborhood ranch road, maintained by neighboring ranchmen primarily for their own and each other's convenience, although it is true, incidentally, that other members of the general public have occasionally traveled over it. * * * Such use was in no sense adverse to appellant, since it was with his open and obvious permission, and subject to the restraints imposed by him and the dominion asserted by him in retaining and exercising the exclusive control of the maintenance of the road. * * * The finding of the jury, that the public use of the roadway was adverse to appellant, is without any evidence, either direct or circumstantial, to support it; but, on the other hand, it is in my opinion contrary to all the evidence in the case."

We have examined the record of the former appeal and feel that these statements of facts are justified from the record. However, in the present appeal we have a very different record. Appellants have presented a much stronger case this time. Many witnesses testified in this case who did not testify on the former trial. Neither R. Walter Davis, R. K. James, Mansfield Haggett, E. C. Saunders, nor R. A. Halbert testified on the former trial. They are very important witnesses in the present case.

In the former trial it was not shown that the county had ever worked the road. In the present trial it is shown by the witness R. K. James that the county did work this road. In the former trial it was not shown that the county ever regarded this road as a public road. In the present trial it is shown that this was the only road from Sonora, county seat of Sutton county, to Sherwood, county seat of Irion county, and was formerly the only road between Sonora and San Angelo, county seat of Tom Green county. That it is the only road to Mertzon, the nearest shipping point on the railroad. That it has been used openly and continuously since prior to 1890.

It is further shown that appellee and his predecessors in title have lived near this road and have known of its open, notorious, and continuous use as a public road during all of these years.

It is contended by appellee that there is no evidence to show that this use was adverse and under claim of right, but on the other hand, that there were gates on this road, and that when herds of live stock were brought through he was always notified, and that this showed a permissive use of the road, which could never ripen into a prescriptive right. We agree with the proposition that a per-

missive use of a road can never ripen into a prescriptive right, but the question here presented is: Do the facts in this case raise the issue of adverse use of this road?

█ That the road has been used for more than forty years is not disputed. In fact, there is no evidence introduced by appellees, but all the facts above stated were positively testified to by witnesses for appellant. They are undenied in any way, and in view of the conduct of the trial court in instructing a verdict for appellee, are to be taken by us as true and construed in the most favorable light to appellant.

██ Appellee insists that there is no evidence that the use of this road was adverse to appellee and under claim of right. There is no question but what it is necessary to prove that the "user" was adverse, but this does not have to be established by direct evidence. It may be inferred from all the circumstances in the case, or it may be inferred from the nature of the "user" of the road. In this connection the evidence shows that the road had been in use for more than forty years, being traveled by the public generally; that originally it was the only road from the county seat of Sutton county to the county seat of Tom Green county; that it is now the only road from Sonora to the county seat of Irion county. That it is now the only road from Sonora to Mertzon, the nearest shipping point on the railroad. That this road was used by the public, openly, notoriously, and with the knowledge of the various owners of the land now held by appellee. That this road was used by freight wagons, stagecoaches, to move cattle, goats, and sheep over, and was used by anybody and everybody who had an occasion to use it, without let or hindrance. These facts it would seem would be sufficient to show that the "user" was adverse. It has been expressly so held in the case of Boone v. City of Stephenville (Tex. Civ. App.) 37 S.W.(2d) 842. See, also, Hall v. City of Austin, 20 Tex. Civ. App. 59, 48 S. W. 53; Id., 93 Tex. 591, 57 S. W. 563; Galveston, H. & S. A. Ry. Co. v. Baudat, 21 Tex. Civ. App. 236, 51 S. W. 541; Evans v. Scott, 37 Tex. Civ. App. 373, 83 S. W. 874; City of Ft. Worth v. Cetti, 38 Tex. Civ. App. 117, 85 S. W. 826; Weber v. Chaney (Tex. Civ. App.) 5 S.W.(2d) 213.

Appellee insists the case of Weber v. Chaney, supra, is favorable to his contention, but a careful reading of that case is against the action taken by the trial court in the present case. In the Weber Case the question of "adverse user" was submitted to the jury as a question of fact and the jury found that the "user" was not adverse. We are not holding in the present case that the jury could not have found in this case that the "user" was not adverse, but we do hold that it was a question of fact which should have been submitted to the jury.

█ As stated before, appellee contends that there were a number of gates on this road which the public opened and shut as they passed through and that when live stock were driven through the owner of the land was always notified, thus showing a permissive "user" of the road. In our opinion the fact that gates were on the road can be of no great consequence. Article 837, Penal Code, contemplates and, in effect, authorizes landowners to place gates on public roads, and only provides punishment where such landowners do not keep such gates in such condition as to not unduly interfere with the traveling public. Roads may be established notwithstanding the fact that they are closed in by gates. The effect on the running of prescription by the placing of gates would be a question of fact for the jury to pass upon. They might consider the placing of gates as a denial of the road or as an admission of the road. Boone v. City of Stephenville (Tex. Civ. App.) 37 S.W.(2d) 842; Weber v. Chaney (Tex. Civ. App.) 5 S.W.(2d) 213; Alexander v. Schleicher County (Tex. Com. App.) 3 S.W.(2d) 75; Vidaurri v. Martinez (Tex. Civ. App.) 260 S. W. 651; Id. (Tex. Com. App.) 275 S. W. 999; 19 C. J. 893, 987.

The fact that ranchmen always telephoned ahead when they were coming through with live stock was explained by the statement that this was a universal custom in that section of the state and was done, not to secure permission to pass through, but as a courtesy to the landowner to enable him to take such means as he might see fit to prevent his own stock from becoming commingled with the stock being driven through. Whether or not this was a sufficient explanation constituted a question of fact which was for the jury.

The court should not have given the instructed verdict for appellee, but should have submitted the facts to the jury.

The judgment of the trial court is reversed, and the cause remanded for a new trial.