TEXAS WESTERN RAILWAY COMPANY v. R. E. C. WILSON.

No. 3070.

1. **Right of Way—Practice.**—The appellant railway constructed its road across a ten-acres tract of land, the property of Wilson. It was built in 1875 or 1876. No condemnation proceedings were taken. September, 1886, Wilson sued the railway company in trespass to try title for the entire tract. The defendant disclaimed save as to right of way of fifty feet. The road occupied ten feet, and pleaded limitation of ten years. It did not ask that its right of way be condemned. On the trial, the defendant failing to establish its defense, and plaintiff showing title, the court properly rendered judgment for plaintiff for the entire tract of land.

2. **Easement—Case Adhered to.**—Hays v. Railway, 62 Texas, 397, adhered to, that a party in possession of another's land claiming an easement is a trespasser if his

claim is without foundation  *  *  *  If the defendant (a railway company) shows no title of this character the owner of the land dispossesses him altogether.

3.  **Proof of Easement—Right of Way.**—The doctrine is well established that the burden of proof is upon the party claiming an easement in the land of another, without any contract or express grant thereto, to establish all of the necessary facts from which the right may be presumed in his favor—peaceable possession, exclusive and continuous and adverse to owner.  A failure in proof of any of such facts is fatal to the right.  See example.

4.  **Fact Case — Possession.** — See facts held insufficient to show exclusive and continuous possession.

5.  **Adverse Possession.** — One of the directors of the railway testified: "We went on the land and have never paid for the right of way.  We expected and intended to pay for it when called upon at any time by the owner."  The owner lived in Houston, but was away from the city at the time.  *Held*, that from this the inference might be drawn that the inception and use of the right of way was in subordination to the owner and in recognition of his superior rights in the premises.  The trial court so holding, its action will not be revised.

APPEAL from Harris.  Tried below before Hon. JAMES MASTERSON. The opinion states the case.

*George H. Breaker*, for appellant.—The use and occupation of land by a railway company as its right of way for the length of time provided by the statute for limitation of real actions against naked trespassers will give the railway company the right of way by prescription, and bar an action of the holder of the property to dispossess the company of its right of way so acquired.   Organ v. Railway (Ark.), 11 S. W. Rep., 103; Sherlock v. Railway (Ind.), 17 N. E. Rep., 171; Abbott v. Railway (Mass.), 15 N. E. Rep., 91; Emry v. Railway (N. C.), 9 S. E. Rep., 139; Turner v. Railway (Mass.), 14 N. E. Rep., 627; Railway v. Frost (Mass.), 16 N. E. Rep., 773; Mills on Em. Dom., 2 ed., 1888, sec. 346; Railway v. Smith, 25 N. E. Rep., 154.

*William H. Crank*, for appellee.—1.  There was no error in the finding of the court.   The only issue in the court below was that of limitation of ten years.   The burden of proof was upon the appellant, and it was incumbent upon it to establish limitation clearly and unequivocally, which it wholly failed to do to the satisfaction of the trial court.   The trial court having heard the evidence from the mouths of the witnesses, its finding and judgment will not be reversed unless it clearly appears to be unsupported by and against the evidence.   Smith v. Power, 23 Texas, 35; Ables v. Donley, 8 Texas, 336; Stewart v. Hamilton, 19 Texas, 101; Stroud v. Springfield, 28 Texas, 676; Gamage v. Trawick, 19 Texas, 65; Swinney v. Booth, 28 Texas, 116.

2.  The evidence shows that the possession of appellant of the land was not adverse, and therefore limitation does not apply.   Bracken v. Jones, 63 Texas, 186.

Marr, Judge, *Section A.*—This suit was brought upon the second day of September, 1886, in form of trespass to try title, to recover of the defendant the possession of a ten-acres lot of land in the city of Houston, and the appellee, as plaintiff below, recovered that character of judgment in the District Court.

The appellant among other defenses pleaded the statute of limitation of ten years and also an easement acquired by prescription to so much of the land in controversy as constituted its right of way. To the remainder of the land it entered a formal disclaimer. There is but one assignment of error in the brief of the appellant, and that is to the effect that the court erred in rendering judgment for the plaintiff for the possession of the entire tract of land without establishing its right of way through the land. The appellant was a naked trespasser upon the land. It never sought to condemn the land in any of the modes prescribed by law in order to obtain the right of way, though it might have done this by a cross-bill at the trial below, under the Act of 1889. Acts 21st Leg., p. 18. It has at no time made any compensation to the owner as required by the Constitution and laws in such cases. It must be held, therefore, that the appellant has acquired no right or title to the land in dispute, and as a consequence to a right of way therein under the statute of limitation of ten years. The possession and claim of right is not of that character as will perfect title to the land. This view of the law was expressly announced by the Supreme Court, upon a similar state of facts, in the case of Hays v. Railway, 62 Texas, 397, and we need only to refer to that decision as conclusive of the question. In that case the correct practice in suits of the character of the present action was indicated in the following language: "A party in possession of another's land claiming an easement is a trespasser if his claim is without foundation. If in a suit by the owner of the soil the plaintiff shows title to the land and the defendant to the easement, the plaintiff recovers subject to the right of the defendant to enjoy the easement. If the defendant shows no title of this character, the owner of the land dispossesses him altogether."

It remains to decide whether the appellant has acquired an easement in the land by prescription, or whether its "claim is without foundation." This is the controlling question in the case, and is really the only one presented by the assignment of error, strictly construed. As there are no conclusions of law and fact in the record, we are not advised of the reasons upon which the District Court predicated its decision. If, however, its judgment can be sustained upon any reasonable view of the case as presented in the record, it is our duty to do so and put an end to the litigation. The evidence is indefinite and not very satisfactory as to the exact time when the appellant entered upon the premises in controversy and constructed its roadbed, and in this particular the appellant is possessed of "the narrowest of margins." It

may be that the court below, for this reason, held that the entry was not shown to have been made ten years before the institution of the suit. But for the purposes of this case, and in the view we take of the effect of the evidence, we will concede that the proof is sufficient to establish that fact. We may concede also that a railway company as a mere trespasser may, under the law, acquire an easement or right of way by prescription, though we are not required, under our estimate of the facts in evidence, to make an authoritative ruling upon that point in the present instance. There are authorities to that effect. Organ v. Railway (Ark.), 11 S. W. Rep., 103; Sherlock v. Railway (Ind.), 17 N. E. Rep., 91.

The doctrine is well established, that the burden of proof is upon the party claiming an easement in the land of another, without any contract or express grant thereto, to establish all of the necessary facts from which the right may be presumed in his favor. He must clearly show open and peaceable possession for the full period required under the statute to preclude a recovery of land against one having no other title, and with at least the implied acquiescence of the owner, and that during all of such time the use and enjoyment of the right has been exclusive, uninterrupted, and continuous, and under a claim of right adversely to the owner of the fee. If there is a failure to establish any of these essential elements by a preponderance of evidence, the claim to the easement can not be maintained. Haas v. Choussard, 17 Texas, 589; Rhodes v. Whitehead, 27 Texas, 311; Railway v. Smith, 25 N. E. Rep., 154; Washb. Real Prop., secs. 20, 17, 23; Washb. Easements, pp. 131–142; 3 Kent's Com., p. 444; Ward v. Warren, 82 N. Y., 269.

In this case we can not hold that the judgment of the court below is without evidence to support it (as must be done to authorize a reversal), or is given against the preponderance of the testimony. It was shown, as we have conceded, that sometime during the year 1875 the appellant entered upon the land in dispute and constructed its roadbed and railway track, and that "in the year 1876 the first ten miles of the road were built and in operation," as testified to by one of the witnesses. The railway is a narrow-gauge road, and its track and roadbed is about ten feet wide. The right of way as claimed is fifty feet in width, but has never been fenced nor occupied except to the extent of the roadbed. It was admitted that the "defendant was at the time of the filing of this suit and is *now* in the possession of the premises sued for." The premises sued for is the entire ten acres of land. The petition alleges the entry in the year 1884. It was also proved by the defendant below, that "no change was ever made in the line of the roadbed as now laid; that the *road* has continued in its present *place* until the present time, and that the *track* has never been removed since it was laid." This is the full extent of the evidence as to the user, and we think that it is clearly insufficient, considering "the nature of

the easement," to show a continuous exercise and enjoyment of the right claimed for the requisite period of time.    Mere possession of the land at certain times does not show an assertion and enjoyment of the easement.    For aught that appears, no trains may have been run over the road or any other use made of the track or right of way by the appellant after the year 1876.    We can not presume these facts, but, as we have already stated, it devolved upon the defendant to prove them by a preponderance of the testimony.    Cooper v. Smith, 9 Serg. & R., p. 33; Emry v. Railway, 9 S. E. Rep., 139; Washb. Real. Prop., sec. 25; Washb. Easements, sec. 39.

We will next in order inquire whether the claim to and the exercise of the right (conceding it to have been exercised) was *adverse* to the owner of the land.    The testimony of John T. Brady, one of the directors, affords the only proof bearing immediately upon the point.    That part of his evidence to which we refer is as follows:  "That John Koop (the owner of the land at the time) lived in Houston, but was away from the city, he thinks, when the road was built.    We went on the land and have never paid for the right of way.    We *expected* and *intended* to pay for it when called upon at *any time* by the *owner.*"    There is no proof of any demand for possession or compensation, or a refusal thereof by the defendant prior to the institution of this suit.    We think that these facts do not show an intent to prescribe, or a use and enjoyment of the easement under a claim of right in the defendant, independent of and antagonistic to the owner of the land.    The inference may have been drawn by the court below that the inception and user of the right of way was in subordination to the owner and in recognition of his superior rights in the premises, and if so we can not hold, under well settled rules of law, that the conclusion was unwarranted by the facts proved.    "A single lisp of acknowledgment by the defendant" of the owner's title is fatal to the right.    Washb. Real Prop., p. 322; Washb. Easements, secs. 27, 38; Calvin v. Burnet, 17 Wend., 564; Chance v. Branch, 58 Texas, 490; 28 Texas, 380, 381; Mhoon v. Cain, 77 Texas, 316, and cases cited.

In view of what we have said upon the whole case, we have, in fine, reached the conclusion that the evidence is not of that satisfactory character which would have justified, much less *required*, the court to presume a grant from the owner of the soil of the right of way.    Taylor v. Watkins, 26 Texas, 688.    Without such presumption an easement dependent entirely upon presumption can not exist, and consequently we think that the judgment ought to be affirmed.

*Affirmed.*