GEORGE W. COOK v. W. J. LISTER ET AL.

Delivered December 10, 1896.

**1. Adverse Possession—Possession of Part of Junior Grant.**

Where there is a partial conflict between a senior and junior grant of lands, unless the actual possession of the junior grantee extends to that part of his grant which lies within the boundaries of the senior grant, limitation will not run in his favor as to such part.

**2. Same—Cutting Timber at Intervals.**

The cutting and removal of timber from land will not constitute adverse possession thereof, when it is not continued for the full statutory period or occurs only at long intervals during the period.

APPEAL from Shelby. Tried below before Hon. JAMES T. POLLEY.

*Hugh B. Short*, for appellant.—Where there is a partial conflict of surveys, the statute of limitations will not run in favor of an adverse occupant under a junior title against a senior and superior title, unless his actual possession extends to some portion of the land in dispute, which is within the conflict. Turner v. Moore, 81 Texas, 209; Am. & Eng. Ency. of Law, secs. 40, 41, pp. 288, 289; Angell on Limitations, (2nd ed.) p. 432, sec. 23, p. 420, sec. 15, p. 421, note 4, and p. 422.

*I. O'B. Richardson, F. P. Brewer*, and *Jas. T. Polley*, for appellees.—A person in possession of land, under a deed purporting to convey a fee simple title, only a portion of which he had inclosed, may claim by adverse possession to the extent of the boundaries of his deeds, the true owner not showing any possession of the portion of the land not inclosed. Rev. Stats., 1879, arts. 3193-3196; McDow v. Rabb, 56 Texas, 154; Evits v. Roth, 61 Texas, 81; Kimbro v. Hamilton, 28 Texas, 565; Richards v. Smith, 67 Texas, 611; Sayles' Real Estate Laws of Texas, vol. 2, p. 330; Hebard v. Scott, 32 S. W. Rep., 392.

PLEASANTS, ASSOCIATE JUSTICE.—This appeal presents but one question for our decision. The suit was instituted by appellant to recover of appellees 320 acres of land out of the Thomas Haley survey. It is admitted that appellant has a complete title to the land, and should have recovered from appellees, unless they had acquired title thereto under operation of the statute of limitations of five years.

The appellees have a deed of conveyance for 941 acres of land, described by metes and bounds, and the land in controversy is included within the bounds of this 941 acre tract. This deed was duly registered more than five years before the institution of this suit, and appellees had been in actual and continuous possession of another portion than that in controversy, of the 941 acres, for more than five years prior to the institution of appellant's suit, claiming title to the entire tract under said registered deed, and paying taxes thereon for said period of time; but none of appellee's improvements made upon the

land were less than 300 yards from the boundary of the 320 acres sued for. Appellees, among other improvements, erected upon the land a saw mill, and this mill has been operated in part, at least, with timber cut from said 941 acres of land; and all of the trees growing upon said lands fit for the manufacture of lumber had been cut and taken from said tract of land before appellant brought suit to recover the 320 acres. Appellant has never been in actual possession of any part of this tract.

Upon these facts the judgment of the trial court was rendered for the defendants, the appellees here. The judge, who tried the cause without the intervention of a jury, held that appellees' actual possession of a part of the 941 acres was, in contemplation of law, possession of the entire tract. This was error. Where one having a conveyance for land enters thereon, he has ordinarily constructive possession of all the lands included within the boundaries given in the deed of conveyance. But this rule does not obtain against the owner of a senior grant of land, when there is a partial conflict between such grant and a junior grant, unless the possession of the junior grantee extends to that part of his grant which lies within the boundaries of the older grant. Turner v. Moore, 81 Texas, 209; Parker v. Baines, 65 Texas, 606; Whitehead v. Foley, 28 Texas, 268, and authorities therein cited.

This being so, the judgment of the trial court must be reversed, unless the cutting and removal of timber from the land, considered in connection with the other facts, location upon the 941 acres, claim of title under the registered deed to the entire tract, and the payment of taxes thereon, amounts to adverse possession of the land in controversy. It is not shown from the the record when, or during what portion of the five years of appellees' occupancy of the land, the timber was cut and taken from the land in controversy. It may have been all cut and removed in less than five years, or this may have been done by separate acts of trespass, committed at long intervals of time, but continuing for five years. In neither event, we think, would the exercise of such acts of ownership over the premises, constitute adverse possession. The rule is (Parker v. Baines, supra) that the possession must be "actual, visible, notorious, distinct and hostile," and must continue for the time prescribed by the statute. It has been distinctly held by the Supreme and appellate courts of this State that the erection of improvements upon land, and the occasional occupancy and use of such improvements for the purposes of collecting and branding cattle running upon the land, is not such possession as that contemplated by the statute. He who invokes limitation to support a claim to another's property must show at least a substantial compliance with all the requirements and conditions of the statute. This we cannot say has been done by appellees, and the judgment, we think, should have been for appellant, and it is therefore reversed, and judgment is here rendered for him.

*Reversed and rendered.*