BENNETT et al. v. LOUISIANA & TEXAS LUMBER CO. et al.

(Court of Civil Appeals of Texas. Galveston. May 23, 1912.)

1. APPEAL AND ERROR (§ 732*) — ASSIGNMENTS OF ERROR—SPECIFICATION OF ERROR.

An assignment of error that the court erred in overruling an amended motion for new trial because the verdict is contrary to law, and is not supported by the evidence, in that the great preponderance of the evidence is in favor of defendant, is too general to be considered.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3022–3024; Dec. Dig. § 732.*]

2. ADVERSE POSSESSION (§ 63*)—EVIDENCE—SUFFICIENCY.

Where one in possession of land claimed by another was notified of the claim of the latter, and then executed an instrument whereby he agreed to purchase the land in controversy, and acknowledged that he held the same as tenant of the owner, the use and occupancy must be deemed to have been in subordination to the rights of the owner, and title was not acquired by adverse possession.

[Ed. Note.—For other cases, see Adverse Possession, Cent. Dig. §§ 333–357; Dec. Dig. § 63.*]

3. TRIAL (§ 260*) — REFUSAL OF INSTRUCTIONS.

Where plaintiff introducing in evidence an instrument acknowledged by the defendant assumed the burden of proving the due execution of the instrument by defendant, and the jury were charged that, if they believed that the instrument was signed by defendant, the verdict must be for plaintiff, the refusal to charge that the burden of proof was on plaintiff to establish the execution by defendant of the instrument was not reversible error.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 651–659; Dec. Dig. § 260.*]

4. PRINCIPAL AND AGENT (§ 103*)—AUTHORITY.

Where at the time defendant agreed to sign an application to purchase real estate and acknowledged the holding of the premises as a tenant a person inducing the execution of the instrument was the representative of the owner as attorney in fact, and he surveyed the land and located squatters and settlers, his authority to act for the owner was sufficient to make the instrument binding, and the mere fact that another pursuant to orders of such representative procured the defendant's signature did not invalidate the instrument.

[Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. §§ 278–293, 353–359, 367; Dec. Dig. § 103.*]

Appeal from District Court, Houston County; B. H. Gardner, Judge.

Action by the Louisiana & Texas Lumber Company against H. H. Bennett and the Southern Pine Lumber Company, and the latter impleaded T. J. Alexander and N. D. Wright. There was a judgment for plaintiff and for defendant the Southern Pine Lumber Company against defendants Alexander and Wright, and defendant Bennett alone appeals. Affirmed.

Madden & Ellis and Adams & Young, all of Crockett, and John B. Guinn and N. D. Wright, for appellant. Nunn & Nunn, of Crockett, for appellees.

McMEANS, J. Action of trespass to try title brought by the Louisiana & Texas Lumber Company against H. H. Bennett and the Southern Pine Lumber Company to recover 160 acres of land, part of the M. F. Perez survey in Houston county. The defendant Southern Pine Lumber Company answered by general denial and plea of not guilty, and specially pleaded the statutes of limitation of five and ten years as to the timber on the land, and impleaded T. J. Alexander and N. D. Wright as warrantors in its deed of conveyance to the timber. Alexander and Wright, after having been thus brought into the suit, answered by general denial and pleas of not guilty, adopted a part of the answer of defendant Southern Pine Lumber Company, and the defendant Alexander pleaded a general denial to the suit of the last-named defendant against him on his warranty. Defendant Bennett answered by general denial, plea of not guilty, and specially pleaded the statute of limitation of ten years as to the land sued for, and, in the alternative, for an undivided 160 acres of land in case he failed to show title to a specific 160 acres. He further filed a plea of non est factum, denying under oath the execution by him, or by his authority, of a certain contract of tenancy relied upon by plaintiff to meet his pleas of limitation. The case was tried before a jury and resulted in a verdict and judgment for plaintiff for the land sued for, and in favor of the Southern Pine Lumber Company against the defendants Alexander and Wright on their warranty for the

sum of $1,011.06. From this judgment the defendant Bennettt alone has appealed.

[1] Appellant's first assignment of error, which is submitted as a proposition, is as follows: "The court erred in overruling defendant's first amended motion for a new trial because the verdict of the jury is contrary to law and is not supported by the evidence, in that the great preponderance of the evidence was in favor of the defendant." Appellee objects to a consideration of this assignment on the ground that it is too general in its nature, and does not point out specifically the matter complained of. The objection must be sustained. Noell v. Bonner, 21 S. W. 553; Wilson v. Lucas, 78 Tex. 294, 14 S. W. 690.

[2] Appellant's second assignment, also submitted as a proposition, is as follows: "The court erred in giving to the jury the tenth section of his general charge, which reads as follows: 'If you find that H. H. Bennett executed the instrument of date November ——, 1899, in evidence before you, you will return a verdict for the plaintiff,' because the said instrument, even if executed by the said Bennett, was not conclusive against his claim to the land in controversy, and was only a matter to be considered by the jury on the issue of adverse posession along with the other evidence in the case." It appears that in November, 1899, John Durst, who testified that he was the agent of the owner, together with Joe J. White, was looking after and surveying certain lands in Houston county and ascertained that the appellant, H. H. Bennett, was occupying certain land, which is the land in controversy, which was the property of Durst's principal. White testified that Durst satisfied Bennett from the title papers he had with him that his principal was the owner of the land, whereupon, according to the testimony of Durst and White, appellant executed the following acknowledgment of tenancy and application to purchase 50 acres of the land to include his improvements where he was then living: "Houston County, Texas, November ——, 1899. Mr. Jhon Durst, Agent for the M. F. Perez ¼ Lea. Grant Houston County, Texas—Dear Sir: I hereby make application to purchase about 50 acres of the M. F. Perez one-fourth league grant in Houston County, which tract is to include the improvements where I am at present living. I agree to pay for said land at two dollars and fifty cents per acre, on the following terms: On four years time, of equal installments at 10% interest. (This tract adjoins Ben Hodge.) I do not claim the land I am occupying, but acknowledge that I am now holding the same as the tenant of the owners, represented by said Durst. And I also agree that all the pine saw timber and all the hardwood merchantable timber he reserved to the owners in the deed or in the contract." This was signed by appellant by his mark and witnessed by Joe J. White and Behn Cook. Appellant in his testimony strenuously denied signing the instrument.

We think that these facts, if found by the jury to be true, do not show an intent on the part of appellant to prescribe under a claim of right, independent of, and antagonistic to the owner of the land, but that appellant's use and occupancy was in subordination to the owner and in recognition of his superior rights in the premises. It was not error, therefore, to give the charge complained of. Railway Co. v. Wilson, 83 Tex. 153, 18 S. W. 325; Warren v. Frederichs, 83 Tex. 380, 18 S. W. 750. The evidence did not raise the issue of mistake, either as to the character of the instrument signed by appellant or as to the land which he made application to purchase, and as to which he acknowledged himself to be the tenant of the owner. The assignment is overruled.

[3] We do not think that the third assignment, which complains of the refusal of the court to charge the jury, at appellant's request, that the burden of proof was upon plaintiff to establish that appellant executed the written application to purchase and acknowledgment of tenancy, points out reversible error. The application and acknowledgment was in writing and introduced in evidence, and plaintiff assumed the burden of proving its due execution by appellant. The jury were properly instructed that, if they believed from the evidence that the instrument was signed by appellant, to find for plaintiff. Under all the evidence, it is not conceivable that appellant suffered the slightest injury by the refusal of the court to give the requested charge. The assignment is overruled.

[4] Appellant by his fourth assignment complains that the court erred in overruling his first supplemental motion for a new trial, because, he contends, the evidence did not show that either the witness John Durst or the witness Joe J. White was authorized to make and enter into the contract or application to purchase, purported to have been executed by appellant, for the reason that such authority was not shown to be in writing, and because the parties for whom Durst was acting had parted with their title to the land in controversy before the alleged agreement was made, and it was not shown that he had legal authority from the parties to whom his principals had sold the land to make such contract for them.

It was not essential that Durst's agency should be evidenced by an instrument in writing. It appears that at the time appellant agreed to sign the application to purchase, and the acknowledgment of tenancy, the witness Durst was present representing the then owners of the land. He testified: "On the occasion that I was down there having the land surveyed out and locating the squatters and settlers, I was representing T. N. Jones and W. H. Alexander

as his attorney in fact. Formerly I had been representing the heirs of Frost Thorn, but Jones and Alexander had become the purchasers of this title. I went down there on this particular tract of land in November, 1899." We think this testimony is a sufficient answer to the assignment, and that we need not discuss the bearing of the written acknowledgment of tenancy upon the question generally of appellant's adverse possession.

There is no merit in the fifth assignment, in which appellant claims that, if the written agreement was in fact executed by appellant, the same was obtained by Joe White, who, the evidence shows, had no legal authority to procure the same. The testimony authorizes the conclusion that the agent, Durst, obtained appellant's consent to sign the agreement, and that he then prepared the written agreement for appellant to sign, and left it with White, who was with and assisting Durst in ascertaining the boundaries of the lands owned by Durst's principals, with instructions to ·procure appellant's signature thereto, and that afterwards White, in obedience to Durst's directions, did procure appellant to sign it.

We find no reversible error in the record, and the judgment of the court below is affirmed.

Affirmed.