**BOONE et ux. v. CITY OF STEPHENVILLE et al.**

No. 1046.

Court of Civil Appeals of Texas. Waco.

April 2, 1931.

J. A. Johnson, of Stephenville, for appellants.

Chandler & Keith, of Stephenville, for appellees.

ALEXANDER, J.

This was a suit brought by the city of Stephenville and Dr. J. B. Gordon against W. G. Boone and wife to enjoin the defendants from closing the west end of an alley that runs from east to west through block 96 of the city of Stephenville. The alley connects Graham street on the east with Belknap street on the west. The defendants own a lot on the north side of the alley at the west end thereof, and Dr. J. B. Gordon owns a lot on the south of the alley at the west end thereof. The city claimed that the alley had been dedicated by the former owners thereof as a public alley and that the city had accepted the dedication and worked the street, and further claimed that the alley had been continually used as a public thoroughfare for more than forty years, and that by reason thereof the city had a right by prescription to have the alley kept open. The plaintiff Gordon claimed that at the time he purchased his property on the south of the alley, more than twenty years before this suit was filed, said alley was a public thoroughfare and that he had bought his property in recognition thereof and that he had used the alley continually since that time and that he had a right to have it maintained as a public thoroughfare. The defendants' deeds included a greater portion of the alley in the field notes to their property. They constructed a curb across the west end of the alley and have so obstructed the same that it cannot be used by the public. The case was tried before a jury, and at the conclusion of the evidence, the court instructed the jury to return a verdict for the plaintiffs, and on such verdict entered judgment for the plaintiffs compelling and requiring the defendants to remove all obstructions from the alley and perpetually enjoining them from in any manner obstructing the alley and passageway. The defendants appeal.

■ The appellant complains of the action of the court in giving an instructed verdict for the plaintiff. In determining whether or not the court properly instructed a verdict for the plaintiff, the rule is that the evidence must be considered most favorably to the defendants. A trial court is not authorized to direct a verdict for the plaintiff unless the evidence is of such a character that as a matter of law no other verdict could be rendered.

■ We have examined the evidence very carefully and do not find in the record sufficient evidence on which to base an instructed verdict showing either a dedication by the owner or an acceptance by the city. There is no evidence that either Boone or any prior owner of the property did any act or made any declaration showing as a matter of law an intention to dedicate the property for public use. In order to constitute a dedication of land for the purpose of a highway, the intent of the owner to so dedicate the same must

be shown by his acts and declarations, and such acts and declarations must show a clear intent to dedicate the land absolutely and irrevocably to the use of the public and that the public has acted upon the faith of such acts and declarations. Ladies' Benev. Soc. v. Magnolia Cemetery Co. (Tex. Civ. App.) 268 S. W. 198, at page 211; Evans v. Scott, 37 Tex. Civ. App. 373, 83 S. W. 874, 877. There was no resolution by the city council accepting or recognizing the alley as a public alley. The city had never worked the alley nor otherwise assumed control or jurisdiction over it. There was some evidence that the city had a map on which the alley was shown, but such map is not shown in the record.

■ Therefore, if appellees are entitled to use the property as a public alley, it must be on the sole ground that they have acquired such right by prescription. A right to use private property as a public thoroughfare may be acquired by prescription, but in order to do so it is necessary to show that an uninterrupted user of the way has been made by the public under an adverse claim of right for the statutory period of limitation. The use by the public must be with the actual or implied knowledge of the owner, adversely, under claim or color of right, and not merely by the owner's permission. Ladies' Benev. Soc. v. Magnolia Cemetery Co. (Tex. Com. App.) 288 S. W. 812, at page 815; 29 C. J. 373. The right to an easement by prescription rests upon the presumption that the owner of the land has granted the easement and that the grant has been lost. City of Austin v. Hall, 93 Tex. 591, 57 S. W. 563; Porter v. Johnson (Tex. Civ. App.) 151 S. W. 599, at page 601; Phillips v. Texas & P. Railway Co. (Tex. Com. App.) 296 S. W. 877, 880.

The evidence in this case shows that the alley in question has been open and used by the public for approximately forty years. It was at one time fenced on both sides. At the time the alley was first opened, Mrs. Geren owned the lot now owned by appellants, and a man by the name of Shappard owned the lot now owned by Dr. Gordon. The lots run lengthwise with the alley. Shappard began negotiations with Mrs. Geren to have the alley opened so that he could get into the back of his lot. Mrs. Geren testified that she told Shappard: "I wouldn't give no alley there at all; if it is going to be a public alley, I don't want it. * * * Mr. Shappard said: 'You can close it up at any time you want to; the City wont have a thing in the world to do with it; you can close it up at any time in the world that you see fit.' * * * I never dedicated it to the City in any way. People passed through there just like any other opening, you know; they just passed in and out over that place. We always love to have some thing other people could use as much as they wanted to; if they wanted to use the whole lot, it was agreeable with us, our neighbors and friends here.

I .never intended for the public to have that property; they couldn't have it because it would ruin my land. I have always claimed it, as my home place; I always told them that the alley couldn't go to the City."

The evidence of Mrs. Geren directly rebuts the presumption that there was ever such a grant. Moreover, in order for the long-continued use of a roadway by the public to raise the presumption that there was such grant, it must not only be continuous and uninterrupted for the full ten years, but the use by the public must be adverse under a claim of right. The adverse claim is the very foundation of the right. Use, with the permission of the owner, will never ripen into prescription. Ladies' Benev. Soc. v. Magnolia Cemetery Co. (Tex. Com. App.) 288 S. W. 812, at page 815; Id. (Tex. Civ. App.) 268 S. W. 198, 212; Evans v. Scott, 37 Tex. Civ. App. 373, 83 S. W. 874, at page 876; Phillips v. Texas & P. Railway Co. (Tex. Com. App.) 296 S. W. 877, 880; 29 C. J. 373–378. This adverse claim of right may be proved by circumstantial evidence, sufficient to sustain the conclusion, but it must nevertheless be proved in some way by legal evidence, else the alleged prescriptive right fails, Ladies' Benev. Soc. v. Magnolia Cemetery Co., supra, and the burden of proof is on the claimant to prove such adverse claim, Texas West. Ry. Co. v. Wilson, 83 Tex. 153, 18 S. W. 325; Evans v. Scott, 37 Tex. Civ. App. 373, 83 S. W. 874, 875; 29 C. J. 391. The adverse use of the property and the claim !of right thereto may be inferred from the circumstances of the manner of the use thereof, Hall v. Austin, 20 Tex. Civ. App. 59, 48 S. W. 53; Texas & P. Ry. Co. v. Gaines (Tex. Civ. App.) 27 S. W. 266, but it is generally a question of fact to be ascertained by the jury, Texas West. Railway Co. v. Wilson, 83 Tex. 153, 18 S. W. 325; Ladies' Benev. Soc. v. Magnolia Cemetery Co. (Tex. Com. App.) 288 S. W. 812; 9 R. C. L. 782, 2 Tex. Jur. 114; Hill v. Crosby, 2 Pick. (Mass.) 466, 13 Am. Dec. 448; Crosier v. Brown, 66 W. Va. 273, 66 S. E. 326, 25 L. R. A. (N. S.) 174. There was no positive evidence that the use of the property by the public was adverse under a claim of right. The only evidence of such adverse claim was the inference to be drawn by the jury from the circumstances of the use of the property. Since the disposition of the case was dependent on the inference to be drawn from the circumstances in evidence showing the adverse use of the property, the jury, and not the court, should have been permitted to draw the inference. Stooksbury v. Swan, 85 Tex. 563, 571, 573, 22 S. W. 963, 966; Early-Foster Co. v. W. F. Klump & Co. (Tex. Civ. App.) 229 S. W. 1015, 1023.

As to the adverse claim of Dr. Gordon, there was evidence that at the time the appellant Boone bought his lot in 1928, Dr. Gor-

don told him and others that the alley was not a public alley and that he was not "fighting" the closing of the alley. In order for adverse claim to ripen into prescription, the claim must be continuous and uninterrupted. A single act of acknowledgment by the claimant of the owner's title is fatal to the right. Tex. West. Railway Co. v. Wilson, 83 Tex. 153, 18 S. W. 325, at page 326. It has been held that even an act of acknowledgment of the superior title after the running of the period of limitation goes to show that the use has not been adverse. 9 R. C. L. 782.

The court should not have given the instructed verdict for appellees, but should have submitted the facts to the jury. The judgment of the trial court is reversed, and the cause remanded for a new trial.