436

HAMPTON OIL CO., Inc., v. STANDARD
OIL CO. OF KANSAS et al.
No. 2404.

District Court, S. D. Texas,
Houston Division.
July 16, 1935.

A. M. Huffman and W. D. Gordon, both of Beaumont, Tex., Joe E. Webb, of Madisonville, Tex., John P. Rogge, of Conroe, Tex., Thomas J. Baten, of Beaumont, Tex., and Frank Granberry, of Crockett, Tex., for plaintiff.

Vinson, Elkins, Sweeton & Weems, J. C. Townes, Jr., C. M. Hightower, George E. B. Peddy, Huggins, Kayser & Liddell, Scott W. Key, Frances J. Winter, and J. D. Farish, all of Houston, Tex., and Pitts & Liles, W. N. Foster, and J. C. Hardy, Jr., all of Conroe, Tex., for defendants.

KENNERLY, District Judge.

This is a hearing under District Court rule 25 of plaintiff's motion for new trial. Plaintiff's suit is in trespass to try title under the Texas statute (title 124, Texas Revised Civil Statutes of 1925), to recover from defendants 160 acres, and, in the alternative, 28 and a fraction acres, of land out of the Ransom House survey in Montgomery county in this district and division, and for damages for oil and gas alleged to have been taken therefrom by defendants or some of them, and for partition. During the trial, the parties agreed that the suit for damages and partition be severed, and this suit proceeded as one for the recovery of the land only.

Plaintiff does not claim under a chain of title out of the sovereignty, but claims that Thomas Hampton, Sr., whose title it claims to have, acquired title to the 160 acres, or the 28 and a fraction acres, in controversy, under the Texas ten-year statute of limitation (Rev.St.1925, art. 5510), by an occupancy of the land by Hampton et al., testified variously to have begun from 1869 to 1874, and to have continued until from 1882 to 1885. Defendants combat plaintiff's claim, charging that Hampton did not occupy any part of the Ransom house survey, or if he did, that such occupancy was not under such circumstances and under such claim as matured title in him by limitation, and that this claim is now being asserted after a lapse of nearly fifty years because of the discovery of oil on the Ransom House survey. Defendants claim under a chain of title from and under the sovereignty, and also under the Texas three, five, ten, and twenty-five-year statutes of limitation (Rev.St.1925, arts. 5507, 5509, 5510 et seq., and art. 5519, as amended by Acts 1927, c. 250 [Vernon's Ann.Civ.St. art. 5519]). At the close of all the evidence, defendants moved for, and were granted, a directed verdict in their favor. Such verdict was returned, and judgment for defendants entered accordingly.

1. One of the reasons for the directed verdict was the view of the trial judge that if Hampton in fact so acquired title to the 160 or the 28 and a fraction acres by limitation, defendants, and those under whom they claim, and whose title they have, thereafter reacquired the title under the

Texas five and ten-year statutes of limitation. Plaintiff's motion for new trial brings on again for consideration this action.

■ Independently of Dargan v. Keystone Mills Company (Tex.Civ.App.) 64 S.W.(2d) 1054,[1] and the reasoning in the majority opinion there, I have long believed and maintained that where one claims a tract of land under a chain of title or a deed, and maintains or causes to be maintained thereon, for the ten-year period, a tram road with the usual loading facilities, etc., and from time to time during all or a portion of the period cuts timber therefrom, and from time to time during all or a portion of the period had living quarters of employees, camps, corrals, etc., thereon, that such occupancy and possession satisfy the requirements of the ten-year statute. And where such occupancy is maintained for the five-year period under a deed duly registered, accompanied with current payment of taxes, it satisfies the requirements of the five-year statute. Houston Oil Co. v. Billingsley (Tex.Com.App.) 213 S.W. 248; McCarthy v. Houston Oil Co. (Tex.Civ.App.) 221 S. W. 307; Niles v. Houston Oil Company (Tex.Civ.App.) 288 S.W. 614; Furlow v. Kirby Lbr. Co. (Tex.Civ.App.) 53 S.W. (2d) 642; Whitehead v. Foley, 28 Tex. 268, 284; Holland v. Nance, 102 Tex. 177, 183, 114 S.W. 346; Nona Mills Co. v. Wright, 101 Tex. 14, 23, 102 S.W. 1118; McDow v. Rabb, 56 Tex. 154; Cook v. Lister, 15 Tex.Civ.App. 31, 38 S.W. 380; Rodriguez v. Priest (Tex.Civ.App.) 126 S. W. 1187, 1194; Texas Western R. R. Co. v. Wilson, 83 Tex. 153, 156, 18 S.W. 325; Galveston & Western Ry. Co. v. Kinkead (Tex.Civ.App.) 60 S.W. 468; Railway Co. v. Gaines (Tex.Civ.App.) 27 S.W. 266; T. & P. Ry. Co. v. Scott (C.C.A.) 77 F. 726, 37 L.R.A. 94; Louisville & Nashville Ry. Co. v. Smith (C.C.A.) 128 F. 1; Ford v. Wilson, 35 Miss. 490, 505, 72 Am.Dec. 137; Morrison v. Kelly, 22 Ill. 609, 623, 74 Am.Dec. 169; Dargan v. Keystone Mills Co., supra. This has been the rule in Texas since the days of the Republic. The distinction between the effect of the maintaining of the railroad of an incorporated railroad company, and the effect of the maintaining of a tramroad, should, of course, be kept in mind. But see Friedman Oil Corp. v. Oil Refining Company (Tex.Civ.App.) 73 S.W.(2d) 137.

■ 2. The facts in this case are much stronger than in the Dargan Case, and required a directed verdict for defendants. See discussion of when a trial judge should and should not direct a verdict in Reid v. Maryland Casualty Co. (C.C.A.) 63 F.(2d) 10, 11, and Wise v. United States (C.C.A.) 63 F.(2d) 307, 308, and see authorities there cited.

3. Defendants present with much force the claim that since Hampton's occupancy, if any, was partly under the statute of 1841, which gave to a naked possessor title in and to 640 acres of land, including his improvements, and partly under the statute of 1879 (Rev.St.1879, arts. 3194, 3195) (amendatory of the 1841 statute), providing that a possessor's claim shall be construed to embrace not more than 160 acres, including the improvements, or the number of acres actually inclosed, that under the facts here shown, Hampton acquired title to the land sued for under neither statute. At the trial, I inclined to the view, and still do, that defendants are right, but do not find it necessary to decide the point.

The motion for new trial will be denied.