### TEXAS & N. O. R. CO. v. MILLARD.

#### No. 2460.

Court of Civil Appeals of Texas. Eastland.

June 23, 1944.

Woodul, Arterbury & Folk, of Houston, for appellant.

P. A. Sanders, of Nacogdoches, for appellee.

GRISSOM, Justice.

J. W. Millard sought, and obtained, a writ of mandamus compelling the defendant Railroad Company to build and maintain a private crossing for plaintiff over its track and right of way. Plaintiff also sought damages, which were denied. Defendant has appealed.

The evidence shows plaintiff owns a tract of land near Nacogdoches, bounded on the west by State Highway 59. This tract, consisting of approximately 200 acres, is bisected by defendant's railroad track, which runs east and west across plaintiff's land. About a mile and a half south of plaintiff's home, which is on the northern portion of the tract divided by the defendant's railroad track, plaintiff owns another tract of 300 acres. Plaintiff owned this land for many years prior to 1937, when the State Highway Department, as a safety measure, built an overpass on Highway 59 over defendant's track. At said time the county purchased additional right of way from plaintiff along defendant's right of way and adjoining the overpass. During the building of the overpass the Highway Department built a detour, which permitted plaintiff to travel directly from his home across defendant's track east of the overpass into the Garrard road, giving plaintiff convenient access to his 100-acre tract, lying immediately south of defendant's railroad track, and more convenient access to plaintiff's 300 acres, adjoining the Garrard road

and about a mile south of his 100 acre tract just mentioned. The Lovelace road runs on the north and east of plaintiff's home tract and on the east of the south half of plaintiff's tract of land bisected by the railroad. The Lovelace road branches off of Highway 59 to the east and turns south around plaintiff's divided tract, but terminates shortly before it reaches plaintiff's 300 acre tract to the south. The 100 acres of plaintiff's divided tract which lies south of the track, as well as plaintiff's 300 acre tract to the south, can be reached by plaintiff by entering Highway 59, which runs immediately in front of his home on the north half of his divided tract, and then travelling over the overpass up the Nacogdoches road for a short distance and then turning off on the Garrard road. Travelling in this manner plaintiff is compelled to go about 1700 feet further than he would be required to travel if furnished the private crossing at the detour fixed by the Highway Department in 1937. This detour permitted plaintiff to go almost directly from his home across the track to the Garrard road. Plaintiff testified it was impracticable and difficult to carry his farming machinery across the overpass on Highway 59 and that he could not drive his cattle across the overpass.

The jury found only (1) that it is reasonably necessary for the purpose of carrying on and conducting the farming and cattle business of plaintiff that he have a private crossing over defendant's track and right of way, and (2) that plaintiff has not suffered any damage by reason of defendant's failure to construct a private crossing.

■ Article 6321, Vernon's Ann.Civ.St., provides that railway companies, who fence their right of ways, may be required to make crossings through their fences and over their road beds and right of way every 1½ miles. There is no evidence that defendant has not complied with this requirement. Said statute further provides that if the railroad's fence divides "any inclosure" at least one opening shall be made in the railroad's fence "within such inclosure." As we understand the record, it shows that at the point where defendant has been commanded to construct a private crossing for plaintiff the railroad track is not fenced and defendant's land is not inclosed. Therefore, we conclude that the statute does not support the judgment. Hines v. Baker, 112 Tex. 484, 248 S.W. 336, 337.

■ As we understand plaintiff, he contends that the judgment should be sustained, not only because it was authorized by Art. 6321, but that, in addition thereto, there was an easement of necessity impliedly granted or reserved. Such an implication is an application of the rule that when one conveys property he also conveys whatever is necessary for its enjoyment, and retains whatever is necessary for use of the land retained. 28 C.J.S. Easements, § 35, p. 696. We do not find any evidence showing a privity of ownership. Ward v. Bledsoe, Tex.Civ.App., 105 S.W.2d 1116, 1117; Brundrett v. Tarpley, Tex.Civ.App., 50 S.W.2d 401, 402. In other words, there is no evidence that plaintiff or defendant is the grantee or grantor of the other, or that their predecessors in title occupied that status. Such evidence is a prerequisite to plaintiff's recovery on that theory. 15 Tex.Jur. 786; 28 C.J.S. Easements, § 35, p. 696; 17 Am.Jur. 948; Cooley v. Boston & M. R. R., 303 Mass. 371, 21 N.E.2d 953, 122 A.L.R. 1171; Scarborough v. Anderson Bros. Const. Co., Tex.Civ.App., 90 S.W.2d 305. Evidence apparently intended for that purpose was proffered by plaintiff but defendant's objections thereto were sustained. The question as to whether or not the court's action in this regard was error is not presented. Texas R.C.P. 420; Le Master v. Ft. Worth Transit Co., 138 Tex. 512, 518, 160 S.W.2d 224. The burden was on plaintiff to prove all the facts necessary to establish the easement. Bains v. Parker, Tex.Sup., 182 S.W.2d 397; Texas Western R. Co. v. Wilson, 83 Tex. 153, 18 S.W. 325.

The judgment is reversed and the cause remanded.