**TEXAS & N. O. R. CO. v. THOMPSON et al.**

No. 11549.

Court of Civil Appeals of Texas.
San Antonio.

Jan. 16, 1946.

Rehearing Denied March 6, 1946.

Writ Refused by Supreme Court May 1, 1946.

John P. Bullington, of Houston, L. Hamilton Lowe and W. R. Montgomery, both of Edinburg, and Baker, Botts, Andrews & Wharton, of Houston, for appellant.

E. H. Crenshaw, Jr., of Kingsville, and Strickland, Ewers & Wilkins and Pat J. Howe, all of Mission, for appellees.

NOVELL, Justice.

This suit is a companion case to that of H. Rouw Co. et al. v. Guy A. Thompson, Trustee et al., Tex.Civ.App., 194 S.W.2d 120. Appellant, Texas and New Orleans Railroad Company, brought the suit against appellees, St. Louis, Brownsville and Mexico Railway Company and its trustee, seeking relief by way of injunction.

As pointed out in the H. Rouw Company case, Guy A. Thompson, trustee, secured the permission of the Commissioners' Court of Hidalgo County to construct railroad tracks running east and west along Chavez Street. Articles 6320 and 6331, Vernon's Ann.Civ.Stats.

The H. Rouw Company property was bisected by Chavez Street and Texas and New Orleans Railroad Company secured permission of H. Rouw Company to lay spur tracks upon its lands running north and south across Chavez Street. Consent to cross the roadway was given by the Legislature by virtue of its enactment of Article 6320, Vernon's Ann.Civ.Stats. Subsequently, the Texas and New Orleans Railroad Company purchased the fee of the H. Rouw Company property.

This case involved the question of which railroad company possessed the senior crossing rights at the points along Chavez Street where the tracks of the Texas and New Orleans Railroad Company would cross the track of the St. Louis, Brownsville and Mexico Railway Company.

The trial court rendered judgment against appellant.

Upon request, findings of fact and conclusions of law were filed. The trial judge concluded as a matter of law that "the reservation of rights for construction of railroad lines for transportation of passengers and freight along Chavez Street as reserved in the original dedication of the subdivision of the lands concerned with a reservation for the benefit of the public and sui generis with the reservation of right-of-way for various other purposes and therefore, the commissioners' Court of Hidalgo County was by law the proper tribunal to grant permission for the exercise of such right."

In Cause No. 11528, we held that the part of the dedication of the Edinburg Townsite Company map (set out in the opinion) "Relating to the operating of lines of trains for the carriage of freight and passengers is not a grant or dedication to the public, but, on the contrary, is a reservation for the benefit of a particular legal entity, The Edinburg Townsite Company, and its assigns."

█ We adhere to that holding in this case. It follows therefrom that appellees were without legal right to place their tracks upon the property of H. Rouw Company (or Texas and New Orleans Railroad Company) the owner of the fee title to the land occupied by Chavez Street, as appellees had not paid nor secured the payment of compensation as required by the Constitution of Texas, Article 1, § 17, Vernon's Ann.St.

█ On the other hand, the right of Texas and New Orleans Railroad Company to cross Chavez Street with its tracks is complete, by virtue of its having secured the permission of H. Rouw Company, the owner of the lands abutting Chavez Street at the points where appellant intends to cross said street. Further, as above pointed out, appellee is now the owner in fee of said H. Rouw Company property.

Appellant's perfected right is superior to the inchoate right of appellee.

In view of this holding, it is unnecessary to comment upon other matters raised by the briefs of the parties.

The judgment appealed from is reversed and the cause remanded to the trial court for further proceedings not inconsistent with this opinion.

## On Motion for Rehearing

Appellees have filed herein a motion for rehearing, a supplement thereto and a written argument in support thereof. However, upon rehearing, no authorities have been cited and no arguments have been advanced which were not considered by us in making our original disposition of this appeal.

In view of our construction of the dedication appearing upon the Edinburg Townsite Company map, the "location cases" cited by appellees are hardly in point. These cases are: Denver and Rio Grande Railway Co. v. Alling, 99 U.S. 463, 25 L. Ed. 438; Sioux City & D. M. R. Co. v. Chicago M. & St. P. R. Co., C.C., 27 F. 770; Atlanta, K. & N. Ry. Co. v. Southern Ry. Co., 6 Cir., 131 F. 657; and Chesapeake & Ohio Ry. Co. v. Deepwater Ry. Co., 57 W. Va. 641, 50 S.E. 890.

█ Laying aside all questions relating to statutory construction, these cases support the general proposition that the railroad corporation "which first defines and makes its route and adopts the same for its permanent location by authoritative corporate action is entitled to priority." 18 Am. Jur. 721, § 95. However, location (if we may consider the application to the Commissioners' Court as such) does not carry with it the right to occupy the land. Mere location gives rise to an incipient right only, which if perfected into a right of occupancy must be followed with dispatch by further action relating to the acquisition of the property or an easement therein, either by purchase or the institution of condemnation proceedings.

Here, in legal contemplation, appellees have done no more than apply for and re-

ceive a permit from the Commissioners' Court. No effect with reference to the perfection of a right can be given to appellees' actions in making a physical entry upon the property and occupying the premises in whole or in part. Such entry and occupancy was and is proscribed by the Constitution of this State, and consequently appellees occupy the position of trespassers upon the property.

Under these circumstances, the superior right is with appellant, which has constructed its tracks upon lands owned by it and crossed the roadway under legislative authorization.

Appellees' motion for rehearing is overruled.