H. ROUW CO. et al. v. THOMPSON et al.

No. 11528.

Court of Civil Appeals of Texas.
San Antonio.

Jan. 16, 1946.

Rehearing Denied March 6, 1946.

Writ Refused by Supreme Court May 1, 1946.

Sid L. Hardin and L. Hamilton Lowe, both of Edinburg, and John P. Bullington, of Houston, for appellants.

E. H. Crenshaw, Jr., of Kingsville, and Strickland, Ewers & Wilkins, of Mission, for appellees.

NORVELL, Justice.

This is an appeal from an order refusing a temporary injunction. The suit was instituted by H. Rouw Company, which sought to restrain Guy A. Thompson, trustee for the St. Louis, Brownsville and Mexico Railway Company, debtor, duly appointed under Section 77 of the Bankruptcy Act, 11 U.S.C.A. § 205, by the United States District Court for the Eastern Division of the Eastern District of Missouri, and said St. Louis, Brownsville and Mexico Railway Company, a Texas railroad corporation, from further trespassing upon the lands and premises of plaintiff and from laying railroad tracks across plaintiff's premises or any part thereof. A temporary restraining order was issued upon the filing of the petition. This order, by its terms, expired at the time the hearing was had upon the application for a temporary injunction.

Defendants, after having first procured the permission or authorization of the Commissioners' Court of Hidalgo County, in accordance with the provisions of Article 6331, Vernon's Ann.Civ.Stats., were proceeding with the construction of a spur track along Chavez Street, which is a roadway shown and delineated upon a recorded map designated as the "Townsite Plat of Edinburg, Hidalgo County, Texas." This map was prepared for and filed for record by the Edinburg Townsite Company in 1913.

Chavez Street and the land abutting thereto lies to the north and without the boundaries of the incorporated City of Edinburg.

H. Rouw Company and others (who intervened in the suit and adopted the allegations of plaintiff's petition) are owners of tracts of land which abut on Chavez Street.

The trial judge found that plaintiff and interveners (hereinafter referred to as appellants) were "the owners of the land described in their respective petitions, including the fee to the center of the roadway designated on the maps introduced in evidence as Chavez Street, but that such (appellants) acquired such property with notice that the roadway known as Chavez Street has been theretofore dedicated to the public for the purposes among other uses, the use of same for roadway and construction and operation of railroads for the conveyance of passengers and freight, * * *."

In our opinion, the trial judge erred in concluding that Chavez Street had been dedicated to the public for railway purposes.

The following statement or dedication appears upon the map of the Edinburg Townsite Company above referred to:

"Dedication of the Streets, Avenues, Alleys, etc., of Edinburg, Texas.

"This dedication of the streets, avenues, alleys and roadways of this, the original townplat of the town of Edinburg, Hidalgo County, Texas, is made with the express *reservation in The Edinburg Townsite Company,* of the right to occupy and use said streets, avenues, alleys and roadways, and the space beneath them, for the purpose of erecting, constructing and operating plants, pipe lines, poles and lines of wire for the transportation and sale of water, heat, light and power, and for telephone and telegraph lines *and for the purpose of operating lines of trains for the carriage of freight and passengers,* and for the construction and operation of sewers and drains within the said town of Edinburg, and to construct and maintain pipes, canal and ditches and their appurtenances for irrigation and drainage purposes on, along and beneath the streets, avenues and roadways abutting acre lots; all of said rights,

privileges and franchises in the streets, avenues, alleys and roadways aforesaid are and shall be the property of and shall be used and exercised by the said The Edinburg Townsite Company, or by any person or persons, corporation or corporations, to which such rights, privileges and franchises may be, respectively, assigned by The Edinburg Townsite Company.

"Witness the name of said corporation, signed by its President, with its corporate seal hereto affixed, attested by its Secretary, this 15th day of February, A. D. 1913.

"The Edinburg Townsite Company
"By John Closner, President"

"Attest:

"J. R Alamia, Secretary.

"(SEAL)

"(Italics ours.)

That part of the statement relating to the operating of lines of trains for the carriage of freight and passengers is not a grant or dedication to the public but, on the contrary, is a reservation for the benefit of a particular legal entity, the Edinburg Townsite Company, a corporation, and its assigns.

This case is consequently controlled by the decision of the Supreme Court in McCammon & Lang Lumber Co. v. Trinity & Brazos Valley Railway Co., 104 Tex. 8, 133 S.W. 247, 36 L.R.A.,N.S., 662, Ann.Cas. 1913E, 870.

Here, as in the case cited, the asserted right of appellees to occupy a portion of Chavez Street with its tracks is predicated upon the charter rights of the corporate appellee and the consent of the proper municipal authorities, the Commissioners' Court of Hidalgo County. No compensation to the abutting landowners has been paid or secured by a deposit of money. A dedication of a street for ordinary roadway purposes does not authorize the use of said street for the purpose of operating commercial railroads thereon and consequently the use of said street for railway purposes constitutes a new servitude of burden and a *taking* of the property of the fee owner contrary to the provisions of Article 1, § 17, of the Constitution of Texas, Vernon's Ann.St. Equity at the instance of a landowner, will prevent such taking of property by injunction.

We are concerned here only with that part of the dedication appearing on the map of the Edinburg Townsite Company which relates to operating lines of trains for the carriage of freight and passengers. Matters relating to the validity of other reservations appearing· therein are obviously without the scope of this opinion. Further, we find it unnecessary to pass upon the validity of the reservation relating to the operation of railways upon the streets shown upon the map and express no opinion with reference thereto. Such rights under the reservation, if any there be, are now apparently owned by H. Rouw Company, as assignee of Edinburg Townsite Company, that is, in so far as such rights relate to the maintenance of tracks and operation of trains along Chavez Street.

Appellees insist that the reservation **is** void, and, for the purpose of this opinion, we may assume this to be true. Being void, the legal situation is the same as if said reservation had never been written into the dedication. If the attempted reservation be a nullity, it can not be metamorphosed into a valid dedication or grant in favor of the public or those who desire to use said street for railway purposes.

The judgment appealed from is reversed and the cause remanded to the trial court for further proceedings not inconsistent with this opinion.

Reversed and remanded.