

# THE ATTORNEY GENERAL
## OF TEXAS
### AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

February 16, 1962

Honorable Fred P. Holub
County Attorney
Bay City, Texas

Opinion No. WW-1263

Re: Authority to grant an
easement for a gas pipe
line along a county road
acquired by prescription.

Dear Mr. Holub:

You request our opinion as to whether the Matagorda County Commissioners Court may grant an easement to a gas pipe line along the right-of-way of a county road, which road was acquired by prescription as a result of long continued public use and maintenance.

Article 1436b, Vernon's Civil Statutes, gives to parties engaged in the business of transporting or distributing gas for public consumption the right to lay pipe lines within the rights-of-way of all public roads. The lines inquired about are part of a gas gathering system, the gas being ultimately distributed for public consumption.

Said statute itself confers the right on gas companies to lay the lines within a right-of-way, but it requires that notice of intention to lay such lines along a county road must be given to the County Commissioners Court, which then has the option to designate the place on the right-of-way where the pipes are to be laid.

Your opinion request appears to have been precipitated by the contention of fee owners of the tract containing the road in question that the prescriptive easement owned by the public is for road purposes only, and that only the owners of the fee in the land may grant an easement for the laying of pipe lines under the road.

The rule of law applicable here, in our opinion, is set forth in Continental Pipe Line Co. v. Gandy, 162 S.W.2d 755 (Civ.App. 1941, error ref. w.m.). When the Driscoll Ranch in Nueces County was subdivided, a plat was filed of record containing a dedication to the public of a 40 ft. road. With the consent of the county, a telephone line was built on said road by an oil pipe line company. The abutting owner, whose consent

was not obtained, sued for damages and for an injunction requiring the line's removal. The court held that the abutting landowner had no rights in the road superior to any other member of the public, and that the property rights of such owner had not been violated. The court said:

> "The construction and operation of common carrier pipe lines are now recognized as necessary and indispensable to a proper and economical exploitation of the petroleum, natural resource. They are of great importance to the public. Private property owners, the producers of crude oil, and the public are interested in the expeditious and economical transportation of oil from the producing fields and the distribution of it to the consuming public and industry. Pipe line transportation is the best mode yet provided. The public has an interest in relieving other means of transportation and its highways of the burden they would have to carry but for pipe line transportation. Hence the Legislature has recognized the pipe line as a convenience and modern necessity and a business of public concern. . . ."

The quoted language dealing with oil pipe lines would appear to be equally applicable to gas pipe lines.

The fact that the public road was created by prescription rather than by dedication or grant is immaterial. In Phillips v. T. & P. Ry. Co., 296 S.W. 877 (Comm.App., 1927), it is said:

> "A right by prescription rests upon the presumption that the owner of the land has granted the easement, and that the grant has been lost."

To the same effect, see Boone v. City of Stephenville, 37 S.W.2d 842 (Civ.App., 1931); 28 C.J.S. 641, Easements, Sec. 6; 21 Tex. Jur.2d 151, Easements, Sec. 25. Thus, since a grant is presumed, a prescriptive easement stands on the same footing as a granted easement.

Prescription and title by adverse possession follow substantially the same pattern, except that in the former only an easement results, whereas in the latter full title is obtained. As said in 2 C.J.S. 512, Adverse Possession, Sec. 1:

Honorable Fred P. Holub, page 3 (WW-1263)

> "Prescription and adverse possession,
> while differing in certain respects, are
> essentially the same in that both confer
> rights in property through the medium of
> adverse enjoyment."

Both prescription and limitation title are based on presumptions of lost grants.

Article 5513, V.C.S., declares that limitation title is "full title, precluding all claims." It has been held that title by limitation is as good as if acquired by patent, Bridges v. Johnson, 69 Tex. 71, 7 S.W. 506 (1888), and is as legal as one acquired by purchase, Wagers v. Swilley, 220 S.W.2d 673 (Civ. App. 1949, error ref., n.r.e.).

In 28 C.J.S. 676 Easements, Sec. 22, it is said:

> "Easements acquired by prescription
> stand in all respects on the same footing
> as easements acquired by grant; the title
> and right so acquired are as perfect and
> absolute as those acquired by grant; and
> the owner of the servient estate is estopped
> to question them, as against the owner of
> the dominant estate."

We conclude that a prescriptive public easement in a road gives the public the same rights therein as it possesses in a road easement acquired by grant or dedication.

We next consider the nature of the rights in such a road that may be awarded by law to third parties. In McCammon and Lang Lumber Co. v. Trinity & B.V. Ry. Co., 104 Tex. 8, 133 S.W. 247 (1911), the court held that the laying of tracks for a steam railroad along a dedicated road and alley constituted a taking of property from the fee owners requiring compensation, and upheld the right to an injunction against such taking. This decision was followed in T. & N.O. Ry. Co. v. Thompson, 194 S.W.2d 123 (Civ.App. 1946, error ref.); City of Orange v. Rector, 205 S.W. 503 (Civ.App. 1918) and Pecos & N.T. Ry. Co. v. Falls, 96 S.W.2d 430 (Civ.App. 1936), all involving steam railroads.

In Galveston-Houston Electric Ry. Co. v. Jewish Literary Society, 192 S.W. 324 (Civ.App. 1916, error dism.), it was held that the laying of two sets of tracks in a street and the operation of an inter-urban railway thereon was not a taking of the fee. The tracks involved appear to have been the equivalent of street car tracks and did not prevent vehicular travel.

The Gandy case, supra, distinguished the McCammon case on the ground that the operation of a steam railroad amounted to "an almost, if not quite, exclusive appropriation of the street or highway." Clearly, in the case of the proposed gas pipe line, there would be little, if any, interference with travel. In fact, Article 6021, V.C.S., provides:

"The right to run pipe lines along, across, or under any public road or highway can only be exercised on condition that the traffic thereon be not interfered with, and that such road or highway be promptly restored to its former condition. . . ."

The proposal of the gas company involved herein states that the 4 inch pipe line will have a 36 inch cover meeting the approval of the Commissioner in that district, and that the right-of-way will be cleaned up to the satisfaction of said Commissioner.

It follows that we are of the opinion that under Art. 1436b, V.C.S., the gas company is authorized to lay and maintain the pipe line in question, after giving notice to the Commissioners Court as required in said statute.

## SUMMARY

Companies engaged in the business of transporting gas for ultimate public consumption may, under Article 1436b, V.C.S., lay their pipe lines along the right-of-way of a county road acquired by prescription, after first giving notice of such intention to the County Commissioners Court.

Yours very truly,

WILL WILSON
Attorney General of Texas

By J. Arthur Sandlin
J. Arthur Sandlin
Assistant

JAS:ljb

Honorable Fred P. Holub, page 5 (WW-1263)


APPROVED:

OPINION COMMITTEE
W. V. Geppert, Chairman

Pat Bailey
Elmer McVey
Milton Richardson

REVIEWED FOR THE ATTORNEY GENERAL
BY:  Houghton Brownlee